# State of Vermont v. Steven Meunier

[409 A.2d 583]

No. 312-78

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed November 5, 1979

*Mark J. Keller,* Chittenden County State's Attorney, *Norman R. Blais,* Chief Deputy State's Attorney, and *Harold E. Eaton, Jr.,* Deputy State's Attorney (On the Brief), Burlington, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *Jessie Marshall,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Hill, J.** Defendant appeals from his conviction for breaking and entering in the nighttime in violation of 13 V.S.A. § 1201. He raises issues under the Fourth and Fourteenth Amendments to the United States Constitution and Chapter I, Article 11 of the Vermont Constitution. In particular, he contends that the State failed to establish probable cause to arrest and that, therefore, the search incident to the arrest was constitutionally impermissible. For the reasons discussed below, we reverse the conviction and remand for a new trial.

The relevant facts are as follows. On January 6, 1978, at 2:21 a.m., Officer Charles Balserus of the Winooski Police Department heard an alarm sounding in the vicinity of Dufresne's Service Station. Upon investigation Officer Balserus discovered a broken window at the station and one set of footprints in the newly fallen snow. The officer called for a back-up unit, and he and one of the officers from that unit followed the set of footprints through the City of Winooski for twenty minutes, twice losing the trail but later picking it up again.

The tracks eventually led to an overhead garage door located at 137 Hood Street, Winooski. Officer Balserus testified that for roughly one or two seconds he was able to observe what "appear[ed] to be a male subject" inside the garage. Upon approaching the residence he further noticed that a light and an electric Christmas candle were extinguished within defendant's apartment. Approximately thirty seconds after observing the male subject in the garage, and with the house surrounded by the police, he knocked on the door of one of the three apartments at 137 Hood Street, two of which, including this one, had access to the garage. The defendant answered the door "totally nude."

The record provides little insight as to the sequence of events or the location of the characters between the time defendant answered the door and the time the police told the defendant to come with them to the station house. What does appear from the record, not necessarily in the order listed, is that the police entered the apartment, that they observed a pile of damp clothes near the defendant, that they searched the garage and found no one there, that they advised the defendant to get dressed and he put on the damp clothes, and

that they took him into custody and would not have allowed him to leave had he asked.

The defendant was taken to the Winooski Police Station. During the course of a search of defendant's person at the police station a wallet was found which contained twenty-four dollars and a manila tag with the name of the service station on it. The wallet was admitted at trial and identified as belonging to Paul Dufresne, the owner of the station.

■ The Fourth Amendment to the United States Constitution provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.[1]

It is a basic constitutional rule that warrantless searches are per se unreasonable "except in a few 'jealously and carefully drawn' exceptional circumstances." *United States* v. *Watson*, 423 U.S. 411, 427 (1976) (Powell, J., concurring); *Katz* v. *United States*, 389 U.S. 347, 357 (1967). One such exception is that a warrantless search incident to a lawful arrest is permissible when reasonable in time and scope. *Chimel* v. *California*, 395 U.S. 752 (1969). To justify the seizure of evidence based on a warrantless search incident to an arrest, however, the arrest must first be lawful. *Draper* v. *United States*, 358 U.S. 307 (1959). And whether the arrest is constitutionally permissible turns on whether, at the time of arrest, the police officers have probable cause. *Beck* v. *Ohio*, 379 U.S. 89, 91 (1964).

---

[1] Similarly, Chapter I, Article 11 of the Vermont Constitution provides:

That the people have a right to hold themselves, their houses, papers, and possessions, free from search or seizure; and therefore warrants, without oath or affirmation first made, affording sufficient foundation for them, and whereby by any officer or messenger may be commanded or required to search suspected places, or to seize any person or persons, his, her or their property, not particularly described, are contrary to that right, and ought not to be granted.

Probable cause exists where "the facts and circumstances within [the arresting officer's] knowledge . . . [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" the defendant has committed or is in the process of committing a felony. *Carroll* v. *United States,* 267 U.S. 132, 162 (1925). See also V.R.Cr.P. 3(a). In dealing with the probabilities of a particular situation, the facts and circumstances which give rise to the officer's probable cause determination must be evaluated in a common sense manner, keeping in mind that the standard is what "reasonable and prudent men, not legal technicians" would conclude. *Brinegar* v. *United States,* 338 U.S. 160, 175–76 (1949).

■ Based on the testimony presented at the hearing on defendant's motion to suppress, the police had sufficient evidence upon which to conclude that there was probable cause that a crime had been committed and that the person responsible for committing the crime had fled to the garage at 137 Hood Street. The inability to adequately identify the person observed within the garage, however, coupled with the amazing celerity with which the defendant apparently made his way from the garage to the apartment while disrobing and with the fact that two of the three apartments at 137 Hood Street communicated with the garage resulted in substantial gaps in the linkage that would have connected the person answering the door with the breaking and entry at the service station. As a result, the trial court's determination that there was probable cause at the time of arrest was in error.

Because the arrest was unlawful, the subsequent seizure of the wallet could not be justified as evidence procured from a search incident to a lawful arrest. The wallet and its contents therefore must be excluded. *Wong Sun* v. *United States,* 371 U.S. 471 (1963).

*Reversed and remanded.*