## State of Vermont v. Kenny K. Greenslit

[559 A.2d 672]

No. 87-175

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed March 3, 1989

*Mark T. Cameron, Windsor County Deputy State's Attorney,* and *Robert B. Fiske III, Law Clerk (On the Brief),* White River Junction, for Plaintiff-Appellee.

*Claude T. Buttrey* of *Hershenson, Carter, Scott and McGee,* Norwich, and *Martin and Paolini,* Barre, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction of possession of marijuana in violation of 18 V.S.A. § 4224(a), claiming that probable cause was lacking for the warrantless search and seizure of evidence which led to his conviction. We disagree and affirm.

The facts were stipulated at trial. Defendant was one of four occupants of a car parked at a swimming hole off Route 100 in Rochester, Vermont. The local constable spotted the car while on patrol, parked behind it, and ran a check on the license plate. The check revealed that the owner was under suspension for an insurance violation. Deciding to investigate, the officer approached the vehicle. As he did so, the person sitting behind the wheel got out and walked towards him. The officer could see smoke coming from within the vehicle, and as he got closer, he smelled burning marijuana.

The officer ordered the three passengers, including the defendant, out of the car, and advised all four of their Miranda rights. Telling them that he smelled marijuana, he ordered them to turn over any drugs or he would search them. Defendant removed a small amount of the drug from his person and handed it to the officer, who then issued him a citation to appear in court.[1]

Defendant moved to suppress the evidence obtained by the officer on the ground that probable cause was lacking to support the warrantless search and seizure of the marijuana. The trial court denied the motion, and an adjudication of guilt was subsequently entered on the facts as stipulated by the parties.

Defendant raises two issues on appeal. First, he states that as a matter of law, the smell of burning marijuana together with the sight of smoke within the automobile does not give rise to probable cause to search the vehicle. Second, assuming for argument's

---

[1] Although it is not stated in the record, it is clear from the facts that this citation was issued pursuant to V.R.Cr.P. 3(c) in lieu of a continuing detention of defendant. While under Rule 3(c)(2)(B) a person may be arrested in order to obtain nontestimonial evidence upon or within the reach of the person, once such evidence has been obtained and continued detention is no longer necessary to preserve the evidence, a citation must be issued instead. See Reporter's Notes, V.R.Cr.P. 3 ("Even where there has been an arrest under [a Rule 3(c)(2)] exception[], a citation must be issued subsequently if the grounds for the exception cease to exist.").

sake that probable cause existed to believe that marijuana was present in the car, defendant argues that the warrantless search of his person was impermissible as lacking in particularized probable cause.

A review of the stipulated facts, however, indicates that no search of the vehicle took place; rather, the police officer ordered defendant to turn over any drugs he possessed, threatening to search *him* if he failed to do so. Our inquiry, then, focuses on the constitutional propriety of the officer's alleged search of the defendant, not the car.

We note that defendant assumes for purposes of his argument that the police officer's order that he "hand over" any drugs constitutes a search, relying on *United States* v. *DiGiacomo*, 579 F.2d 1211, 1215 (10th Cir. 1978), and *United States* v. *Gay*, 774 F.2d 368, 378 (10th Cir. 1985) (reiterating the holding in *DiGiacomo*).[2] This point was neither briefed nor argued by either party and is not decided here. Instead, we too will assume solely for purposes of this opinion that this set of events constituted a "search" for Fourth Amendment purposes.

Because we conclude that the search was incident to a lawful arrest, we affirm defendant's conviction.

## I.

It is axiomatic that a search incident to a lawful arrest is constitutional. See *Chimel* v. *California*, 395 U.S. 752, 763 (1969), and its progeny. The proper inquiry, then, is not (as defendant articulated it) whether probable cause existed to search the vehicle, but whether probable cause existed to support an arrest of defendant and a search incident thereto.

Defendant contends that the smell of burning marijuana together with smoke does not rise to the level of probable cause. The two cases cited by defendant in support of his argument are, however, distinguishable from the facts of this case. In *State* v. *Schoendaller*, 176 Mont. 376, 382, 578 P.2d 730, 734 (1978), the court found that the odor of marijuana alone did not constitute probable cause for a warrantless search, stating that "to hold that an odor alone, absent evidence of visible contents, is deemed equivalent to plain view might very easily mislead officers into

---

[2] This position was recently adopted in the case of *Burnham* v. *West*, 681 F. Supp. 1160, 1164 (E.D. Va. 1987).

fruitless invasions of privacy where there is no contraband." In *People* v. *Hilber*, 403 Mich. 312, 321, 269 N.W.2d 159, 162 (1978), the court found that the odor of previously burned marijuana did not, under the circumstances of that case, constitute probable cause to search for the drug, but the court noted that it "share[d] the view that the odor of burned marijuana, in some circumstances, may provide reason to believe that a particular person smoked it (probable cause for arrest) or that there is a quantity of unsmoked marijuana (probable cause to search for it)." (Parentheticals in original.)

Here, the constable's actions were based not on the smell of burning marijuana alone, but on the contemporaneous presence of smoke coming out of the car. It was reasonable, under the circumstances, for the officer to infer that the smell and smoke were related and together more likely than not indicated a criminal transaction. *State* v. *Murray*, 134 Vt. 115, 119, 353 A.2d 351, 355 (1976).

■ Since probable cause for arrest exists where the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a person of reasonable caution *to* believe that a crime is being committed, *State* v. *Meunier*, 137 Vt. 586, 589, 409 A.2d 583, 585 (1979) (relying on *Carroll* v. *United States*, 267 U.S. 132, 162 (1925)), we conclude that there was probable cause to arrest defendant in the instant case. See, e.g., *Adams* v. *Arkansas*, 26 Ark. App. 15, 19, 758 S.W.2d 709, 712 (1988) (smell of marijuana emanating from car constituted "reasonable suspicion" that crime had occurred or was about to occur; when officer then observed defendant stuffing a package down the front of his pants, there was *a* "logical progression of events" resulting in probable cause for arrest and right to search for and seize drugs), *cert. denied*, ___ U.S. ___, 109 S. Ct. 1136 (1989).

Inasmuch as there was probable cause for defendant's arrest, a search of defendant's person incidental thereto was constitutional under the doctrine enunciated in *Chimel* v. *California*, which allows such a search in order to prevent the destruction or concealment of evidence. 395 U.S. at 763.

■ The argument that defendant was not formally taken into custody and transported to the police station *is of no avail*, since it is the existence of probable cause for the arrest which brings the search within constitutional limits, not merely the act of taking an individual into custody. See, e.g., *Sibron* v. *New York*, 392

U.S. 40, 77 (1968) (Harlan, J., concurring) ("If the prosecution shows probable cause to arrest prior to a search of a man's person, it has met its total burden."); *United States* v. *Gay*, 774 F.2d at 378 (prearrest search was constitutional where arrest "followed quickly on the heels of the challenged search"); *United States* v. *Ilazi*, 730 F.2d 1120, 1126 (8th Cir. 1984) (prearrest search constitutional where arrest and search are "substantially contemporaneous" and probable cause existed prior to search).

## II.

Defendant's second argument on appeal is that the warrantless search of his person was impermissable as lacking in particularized probable cause. Given our conclusion that the alleged search was constitutional as incident to a lawful arrest, this point is governed by our holding on the first issue.

*Affirmed.*