928 A.2d 484 (2007)
2007 VT 43
STATE of Vermont
v.
Philip CHICOINE.
No. 05-529.
Supreme Court of Vermont.
May 24, 2007.
*485 Present: REIBER, C.J., DOOLEY, JOHNSON, SKOGLUND and BURGESS, JJ.

ENTRY ORDER
¶ 1. Defendant Philip Chicoine entered a conditional guilty plea to one count of felony possession of cocaine, 18 V.S.A. § 4231(a)(2), after the district court denied his motion to suppress evidence discovered in the course of a police officer's pat-down following a traffic stop. On appeal, the State did not seek to justify the warrantless search as a frisk for weapons, but defended the court's conclusion that the pat-down was reasonable as incident to a valid arrest for drug possession. We find, however, that the investigating officer lacked probable cause to arrest, so the warrantless pat-down search was not justified by the exigency of arrest. We therefore reverse the denial of suppression.
¶ 2. The trial court made the following factual findings.[*] On December 30, 2004, *486 the investigating officer and his partner drove to an address in South Burlington to conduct a search for illicit drugs. When they arrived they saw a car exit the driveway. The officers followed the car, noticed that one of its rear brake lights did not operate, and activated their cruiser's blue lights. Defendant did not pull over right away. After activating the cruiser's siren, both officers saw defendant's passenger quickly lean over and appear to place something in defendant's mouth before defendant pulled into a parking lot and came to a stop.
¶ 3. Believing that defendant and his passenger were attempting to dispose of illicit drugs, the officer rushed to defendant's car, opened the driver's-side door, and asked defendant to open his mouth. Defendant complied, and the officer found no illicit substances. The officer proceeded with the traffic stop and informed defendant of his inoperable brake light. The video shows that when asked where he was coming from, defendant said he had been visiting a coworker at the same house targeted by the police for the drug search. Defendant voluntarily exited his vehicle to inspect the light, and the officer informed him that he was not going to issue a ticket. Instead, the officer asked if defendant possessed any drugs and inquired about the passenger's activity prior to the stop. Defendant said he neither possessed nor destroyed any drugs. Upon request, defendant agreed to empty his pockets, but, based on the video depiction, apparently did not do so completely, saying "That's about it."
¶ 4. At this point the officer noticed defendant shielding the left side of his body and conducted a pat-down search without defendant's consent. He felt a soft package in defendant's left jacket pocket, which defendant insisted was napkins. The officer then handcuffed defendant, reached into the jacket pocket, and seized twenty-four grams of cocaine.
¶ 5. Police officers may conduct a warrantless pat-down search with the driver's consent, State v. Zaccaro, 154 Vt. 83, 87, 574 A.2d 1256, 1259 (1990), or if they reasonably believe that the driver may be armed and dangerous, State v. Jewett, 148 Vt. 324, 328-29, 532 A.2d 958, 960 (1987). Here, the trial court found that the pat-down was not consensual because defendant's statement, "You're going to frisk me!" evidenced surprise rather than assent. The court also found that the officer conducted the pat-down with the intent to discover illicit drugs, rather than to search for weapons. The trial court upheld the search as incident to arrest, finding that the officer had probable cause to believe defendant possessed illicit drugs because: (1) defendant drove from a suspected drug house; (2) the officer observed defendant and his passenger "engage in a known drug elimination ploy" by the companion placing something in defendant's mouth; (3) defendant gave evasive answers to the officer's questions; and (4) defendant appeared stressed and shielded the left side of his body after emptying his other pockets.
¶ 6. On appeal, defendant argues that the officer impermissibly expanded the scope of the initial traffic stop and conducted a warrantless search without consent and absent probable cause that a crime had been committed or reasonable suspicion that defendant was armed and dangerous. The State contends that both the initial traffic stop and request for defendant to open his mouth were supported by reasonable, articulable suspicion of criminal wrongdoing. The State asserts that the follow-up search was a valid *487 search incident to arrest based on probable cause that defendant possessed drugs. In an appeal of a motion to suppress, we review the trial court's factual findings for clear error and its legal conclusions de novo. State v. Yoh, 2006 VT 49A, ¶ 10, 180 Vt. 317, 910 A.2d 853.
¶ 7. Under both the Fourth Amendment to the United States Constitution and Chapter I, Article 11 of the Vermont Constitution, a police officer may initiate a traffic stop if the officer has reasonable, articulable suspicion of wrongdoing. State v. Beauregard, 2003 VT 3, ¶ 6, 175 Vt. 472, 820 A.2d 183 (mem.). Defendant does not contest the validity of the initial traffic stop for operating a motor vehicle with a faulty brake light in violation of 23 V.S.A. § 1221. Furthermore, a police officer may expand the scope of an investigatory stop and conduct a warrantless search if the officer has probable cause to arrest. State v. Meunier, 137 Vt. 586, 588, 409 A.2d 583, 584-85 (1979). A warrantless search incident to an arrest may occur prior to the arrest so long as the two are "substantially contemporaneous." State v. Greenslit, 151 Vt. 225, 229, 559 A.2d 672, 674 (1989) (citing United States v. Ilazi, 730 F.2d 1120, 1126 (8th Cir.1984)). Therefore, if the officer had probable cause to arrest defendant prior to conducting the first pat-down search, the trial court properly denied defendant's motion to suppress.
¶ 8. Probable cause for a warrantless arrest requires the same level of evidence needed for the issuance of a warrant. State v. Blais, 163 Vt. 642, 643, 665 A.2d 569, 570 (1995) (mem.). Probable cause exists when the facts and circumstances known to an officer are sufficient to lead a reasonable person to believe that a crime was committed and that the suspect committed it. Greenslit, 151 Vt. at 228, 559 A.2d at 674. This is a higher standard than the reasonable suspicion needed to temporarily detain a suspect for investigation. State v. Lamb, 168 Vt. 194, 196, 720 A.2d 1101, 1102 (1998). It is also a higher standard than the reasonable suspicion needed to justify a pat-down search for weapons in the interest of officer safety in connection with an investigatory stop. Jewett, 148 Vt. at 327-28, 532 A.2d at 960 (explaining that arrest must be based on probable cause, while less justification is required for the lesser intrusion of a brief protective search for weapons). We review a finding of probable cause to see if it was based on substantial evidence. Blais, 163 Vt. at 643, 665 A.2d at 570.
¶ 9. We need not address defendant's claim that the officer unlawfully extended the original traffic stop because the trial court's conclusion that probable cause to arrest authorized the initial pat-down search is not supported by the record. The officer observed the passenger appear to place something quickly into defendant's mouth prior to the stop and defendant try to shield the left side of his body just prior to the first pat-down search. These kinds of furtive gestures, without more, are ambiguous and insufficient to give rise to probable cause to arrest. See State v. Emilo, 144 Vt. 477, 483-84, 479 A.2d 169, 172 (1984) (acknowledging that flight and other furtive gestures, while indicative of guilty knowledge, do not provide probable cause for arrest). Even though the officer witnessed defendant leave a suspected drug house, proximity to a location known for illegal activity is insufficient to provide probable cause for a search. Blais, 163 Vt. at 643-44, 665 A.2d at 570-71. Neither furtive gestures unaccompanied by specific knowledge connecting defendant with evidence of a crime, nor presence at a suspected drug residence, absent observations of defendant engaging in illegal behavior, provide the substantial evidence needed to *488 find probable cause for a search incident to arrest. See id. at 644, 665 A.2d at 571 (finding that although officers knew a felony had been committed, they had no probable cause to believe defendant had committed it solely because he was the only person near a large field of marijuana); Emilo, 144 Vt. at 484, 479 A.2d at 173 (concluding that arresting officer lacked reasonable, articulable suspicion of any wrongdoing based on a suspect's flight alone).
¶ 10. Defendant's departure from a suspected drug house, his hurriedly placing something in his mouth, and his anxious and furtive behavior may all be suspicious, but do not amount to probable cause. The totality of the situation falls short of the "laminated total" of merely suspicious bits of information found sufficient for probable cause in United States v. Harlan, 35 F.3d 176, 179 (5th Cir.1994) (quotations omitted), and cited by the State in support of probable cause in this case. In addition to odd travel plans, nervous behavior in airports, a bulging jacket pocket, and misleading statements to police, the suspect in Harlan was also known as a suspected cocaine trafficker, was carrying $8,000 cash in a garment bag, and admitted to police that some of his money might be illegal. Id. Such additional circumstances to bolster the officer's suspicion to the level of probable cause are missing here. There were no physical signs of illicit drugs on or near defendant prior to the pat-down. Cf. Greenslit, 151 Vt. at 228, 559 A.2d at 674 (finding probable cause where officer saw and smelled marijuana smoke contemporaneously). Defendant was a stranger to the officer. The trial court noted that, according to the officer's affidavit apparently admitted into evidence without objection, the officer had tips that defendant's companion was involved in the drug trade at a local bar, but on the face of the affidavit none of the tips were founded on substantial recitations of reliability, such as a "basis for believing the source of the hearsay to be credible" or "a factual basis for the information furnished," as required for probable cause for a warrant under V.R.Cr.P. 41(c). See State v. Morris, 165 Vt. 111, 129-30, 680 A.2d 90, 102 (1996) (citing Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), in concluding that informant's information failed to establish probable cause because officer failed to establish its reliability).
¶ 11. The officer did not have probable cause to arrest before his pat-down of defendant. The trial court found that the pat-down was neither necessary for the protection of the officer nor consensual, but was solely intended to search for drugs. The merely suspicious surrounding circumstances of defendant's departure from a drug house and ingestion of something before stopping, followed by furtive and anxious behavior, without more, did not provide the probable cause necessary for arrest. Consequently, there was no justification for a search incident to arrest, and the officer's initial pat-down, as well as his subsequent search of defendant for drugs, violated the Fourth Amendment and Article 11.
Reversed and remanded.
NOTES
[*] The stop was videotaped by the officer. We rely on the videotape for matters not expressly found by the trial court, as well as the court's findings.