RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0170P (6th Cir.)
File Name: 03a0170p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*               No. 01-5537

JERRY GLENN TOSH,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 82-00057—John G. Heyburn II, Chief District Judge.

Argued: January 30, 2003

Decided and Filed: June 3, 2003

Before: BATCHELDER, MOORE, and CLAY, Circuit
Judges.

———————————

**COUNSEL**

**ARGUED:** Michael R. Mazzoli, COX & MAZZOLI,
Louisville, Kentucky, for Appellant. Terry M. Cushing,
ASSISTANT UNITED STATES ATTORNEY, Louisville,
Kentucky, for Appellee. **ON BRIEF:** Michael R. Mazzoli,
Scott C. Cox, COX & MAZZOLI, Louisville, Kentucky, for
Appellant. Terry M. Cushing, Candace G. Hill, ASSISTANT

1

UNITED STATES ATTORNEYS, Louisville, Kentucky, for
Appellee.

MOORE, J., delivered the opinion of the court, in which
CLAY, J., joined. BATCHELDER, J. (pp. 12-13), delivered
a separate opinion concurring in part and concurring in the
judgment.

———————————

**OPINION**

———————————

KAREN NELSON MOORE, Circuit Judge. Defendant-
Appellant Jerry Glenn Tosh ("Tosh") appeals from the denial
of his motion to correct his sentence pursuant to Federal Rule
of Criminal Procedure 35(a). Charged with conspiracy to
distribute and to possess with intent to distribute both
marijuana and cocaine and with distribution of both
substances, Tosh was convicted by a jury of the conspiracy
charge and of distribution of marijuana. He was acquitted of
the cocaine distribution charge. After receiving the jury's
general verdict, the district court sentenced Tosh to ten years
in prison for conspiracy in accordance with the maximum-
penalty ranges for conspiracy to distribute cocaine, and
concurrently to five years in prison for the marijuana
distribution. At the time of sentencing, the maximum penalty
for conspiracy to distribute marijuana was five years of
imprisonment. While Tosh was still serving his sentence,[1] he
moved under Rule 35(a) to have his sentence set aside as
illegal. The district court denied this motion, and Tosh timely
appealed. Tosh argues that in light of *United States v. Dale*,
178 F.3d 429 (6th Cir. 1999), the district court erred by using

———————————

[1] After Tosh was convicted by a jury in 1985, he was permitted to
surrender voluntarily to commence his sentence. However, he absconded
and was not captured until October 1996. Tosh's decision to abscond led
to the dismissal of his appeal due to a want of prosecution. Because Tosh
had not petitioned for a writ of certiorari within sixty days of his appeal's
dismissal, his conviction became final in 1985.

the maximum-penalty range for conspiracies involving cocaine as opposed to the range for marijuana conspiracies. He contends that the district court should have applied the shorter maximum-penalty range for marijuana conspiracies because the jury's general verdict was ambiguous as to whether the jury found Tosh guilty of a conspiracy to distribute marijuana or a conspiracy to distribute cocaine. We **AFFIRM** the district court's denial of Tosh's motion to correct his sentence because his sentence is not an illegal sentence under *Dale*.

## I.  FACTUAL BACKGROUND

Tosh and twenty-nine co-defendants were charged with conspiracy to distribute marijuana and cocaine. Tosh was charged in two counts of the indictment, the first alleging a conspiracy to distribute and possess with intent to distribute marijuana and cocaine between 1979 and 1982 in violation of 21 U.S.C. §§ 841 and 846, and the second alleging that he distributed cocaine and marijuana in violation of 21 U.S.C. § 841.  Count One of the indictment charged the individuals with conspiring "to knowingly, intentionally, and unlawfully distribute and possess with the intent to distribute marijuana, a Schedule I controlled substance *and* cocaine, a Schedule II narcotic controlled substance." Joint Appendix ("J.A.") at 58 (Indictment) (emphasis added). Count Four of the indictment charged Tosh with distributing approximately 148 pounds of marijuana and one-quarter of an ounce of cocaine.

Tosh filed a pretrial motion seeking either for the charges against him to be dismissed or for the government to identify which charge they intended to pursue; he claimed that marijuana and cocaine charges are for distinct illegal activities with different penalties.  In response to this motion, the government dismissed the combined marijuana and cocaine distribution charge (Count Four) and issued a new indictment charging these distribution offenses as separate counts. Count One in the original indictment, the conspiracy charge referring to both cocaine and marijuana, remained unaltered.

At trial, the jury handed down a general verdict, finding Tosh "[g]uilty as charged in the indictment." J.A. at 114 (Verdict). Specifically, Tosh was found guilty of Count One in the original indictment, conspiracy to distribute both marijuana and cocaine, and guilty of the distribution of marijuana charge contained in the superseding indictment. The law at that time provided that conspiracy sentences were controlled by the precise illegal substance at issue in the conspiracy. 21 U.S.C. § 846 (1981), *amended by* 21 U.S.C. § 846 (1988). The statute required that the sentence served for a conspiracy conviction could not exceed the "maximum punishment prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. Thus, pursuant to 21 U.S.C. §§ 841(b)(1) and 846, the maximum penalty authorized for marijuana distribution conspiracies was five years and the maximum penalty for cocaine distribution conspiracies was fifteen years. Tosh was sentenced to serve five years on the marijuana distribution conviction, to run concurrently with a ten-year sentence on the conspiracy conviction.

More than fifteen years later, relying on *Dale* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Tosh moved under Rule 35(a) to have his sentence set aside as illegal. Tosh argued that, because the conspiracy charge involved multiple objects and the jury returned a general verdict, he could only be sentenced according to the five-year maximum sentence permitted for convictions involving a marijuana conspiracy. Although the district court determined that Tosh properly invoked Rule 35(a) to "correct a sentence that is illegal because the punishment meted out exceeds that prescribed by (what Defendant asserts to be) the relevant statute," J.A. at 72 (Dist. Ct. Op.), it determined that because neither *Dale* nor *Apprendi* would affect the fundamental fairness of Tosh's trial, neither case could be applied retroactively. Tosh then filed this timely appeal.

## II. ANALYSIS

### A. Standard of Review

This court reviews a district court's denial of a Rule 35(a) motion for an abuse of discretion. *See United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999) (referring to Rule 35 motions in general); *United States v. Evans*, Nos. 94-6554, 94-6565, 1995 WL 478491, at * 1 (6th Cir. Aug. 9, 1995) (unpublished order) (referring specifically to a Rule 35(a) motion). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996), *cert. denied*, 522 U.S. 906 (1997) (quotation omitted).

### B. Tosh's Sentence

At the time Tosh was sentenced, Rule 35(a) provided that "[t]he court may correct an illegal sentence at any time." Fed. R. Crim. P. 35(a) (1982).[2] This rule allowed a criminal convict to challenge the legality of his sentence at any time, but did not permit collateral challenges to the trial, other proceedings, or the conviction itself. *Hill v. United States*, 368 U.S. 424, 430 (1962) ("[T]he narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."). As the Supreme Court stated in *Hill*, an illegal sentence is one where "[t]he punishment meted out was . . . in excess of that prescribed by the relevant statutes, multiple terms were . . . imposed for the same offense, [or] . . . the terms of the sentence itself [were] legally or constitutionally invalid." *Id.* Thus, we agree with the district court's conclusion that Tosh properly invoked this rule to challenge the length of his sentence.

---

[2]This version of Federal Rule of Criminal Procedure 35 applies only to offenses committed prior to November 1, 1987. In 1986, Rule 35 was amended by Pub. L. 98-473, Title II, § 215(b), 98 Stat. 2015.

Before the district court, Tosh challenged the legality of his sentence under both *Dale* and *Apprendi*.[3] Because the district court believed that the resolution of Tosh's case hinged on whether new constitutional rules could be applied to his situation retroactively, the court engaged in a *Teague v. Lane*, 489 U.S. 288 (1989), analysis to determine whether *Dale* or *Apprendi* could be applied to alter his sentence.[4] The court determined that either case could be applied retroactively if the rule it announced fit within *Teague*'s second exception— "a 'watershed' rule of criminal procedure that is 'implicit in the concept of ordered liberty.'" J.A. at 75 (Dist. Ct. Op.) (quoting *Teague*, 489 U.S. at 310-11). The court first determined that *Dale* could implicate the fundamental fairness of Tosh's trial, and thus fit within *Teague*'s exception, only if it were applied in tandem with *Apprendi*. After concluding that *Apprendi* also met the requirements of the *Teague* exception, the district court nevertheless decided that applying *Dale* or *Apprendi* to the facts of Tosh's case would not raise

---

[3]As the government notes, Tosh fails to mention any *Apprendi* issue on appeal, and therefore, we consider that issue waived. *See* Fed. R. App. P. 28 (a)(5); *see also Bickel v. Korean Air Lines Co.*, 96 F.3d 151, 153 (6th Cir. 1996) (holding that defendant waived argument by failing to raise it in the opening appellate brief).

[4]The Supreme Court has held that a *Teague* analysis is not jurisdictional and, therefore, need not be raised *sua sponte* by this court.
> We have recognized that the nonretroactivity principle is not jurisdictional in the sense that federal courts . . . must raise and decide the issue *sua sponte*. Thus a federal court may, but need not, decline to apply *Teague* if the State does not argue it. But if the State does argue that the defendant seeks the benefit of a new rule of constitutional law, the court *must* apply *Teague* before considering the merits of the claim.

*Caspari v. Bohlen*, 510 U.S. 383, 389 (1994) (internal quotations, brackets, and citations omitted). Because the government failed to raise the retroactivity issue on appeal, we deem the issue waived and turn to the government's substantive argument. *See Sinistaj v. Burt*, 66 F.3d 804, 805 n.1 (6th Cir. 1995).

an issue of fundamental fairness[5] because Tosh never challenged the jury instructions. Thus, according to the district court, "it can therefore be presumed that the jury was instructed to consider whether Defendant conspired to distribute both cocaine and marijuana in finding him guilty as charged." J.A. at 81 (Dist. Ct. Op.). The court concluded: "True, a special verdict might have been more clear. But the difference in clarity achieved by a special verdict is not a fundamental element of ordered liberty. Since the inception of the jury system, civilized common law societies have relied on general jury verdicts." J.A. at 81 (Dist. Ct. Op.).

In *Dale*, which was decided fourteen years after Tosh's conviction, a jury convicted the defendant of a single conspiracy involving both crack cocaine and marijuana using a general verdict. 178 F.3d at 431-32. This court recognized the law of the majority of circuits addressing the same question and agreed that "the punishment imposed cannot exceed the shortest maximum penalty authorized in the statutes criminalizing the multiple objects if the punishment authorized by the conspiracy statute depends on the punishment provided for the substantive offenses which were the objects of the conspiracy." *Id.* at 432.

The defendant in *Dale* argued that because the jury returned a general verdict even after the court gave an enhanced

_____

[5]Tosh argues that while the district court's focus on fundamental fairness is proper for analyzing the fairness of trials, it is improper for analyzing punishments. Relying on a Third Circuit case, *United States v. Woods*, 986 F.2d 669 (3d Cir. 1993), Tosh asserts that the proper standard for determining when a rule should be applied retroactively in Rule 35(a) cases is whether a "miscarriage of justice" would result without such application. We need not address this distinction because under either standard — fundamental fairness or miscarriage of justice — when *Dale* and cases thereafter interpreting it are applied to Tosh's situation, Tosh's sentence remains legal and must stand.

unanimity instruction,[6] it was not clear whether he was found guilty of a conspiracy involving crack cocaine, marijuana, or both. On appeal, we determined that the district court committed plain error when it sentenced the defendant to the maximum sentence allowable for a conspiracy involving crack cocaine. *Id.* at 434. We held that when an indictment charges a defendant with a multiple-object conspiracy and the jury is instructed to agree unanimously as to whether one drug or both drugs referred to in the indictment are the objects of the conspiracy, the defendant must be sentenced as if the conspiracy involved only the drug with the lower penalty when the jury returns a verdict not specifying the substance found. *Id.* at 432-434. Moreover, we noted that the disparity between the sentencing options was great; the defendant was subject to a five-year maximum sentence for a conspiracy involving marijuana and a forty-year maximum sentence for one involving crack cocaine. *See id.* at 434.

In *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001), we clarified *Dale*'s holding. Much like the defendant in *Dale*, the defendant in *Neuhausser* was convicted of a conspiracy involving marijuana and cocaine and was sentenced according to the statutory maximum for cocaine. *Id.* at 462. However, we determined that *Dale* did not apply because in *Dale* the jurors were given an enhanced unanimity instruction and the verdict only indicated that the jurors reached a unanimous verdict without stating the ground, whereas in *Neuhausser* no enhanced unanimity instruction was given and the jury instructions continually indicated that the defendant was being charged with a single conspiracy "to distribute marijuana ***and*** cocaine." *Id.* at 469. The *Neuhausser* court identified the jury's general verdict, in light of the court's specific enhanced unanimity instruction, as the key problem with the sentence in *Dale*. *See id.* at 468. This court explained:

_____

[6]The enhanced unanimity instruction in *Dale* required the jurors "to unanimously agree as to which controlled substance, or both, the defendants conspired to distribute in order to return a guilty verdict on the multiple-object conspiracy." 178 F.3d at 431.

In *Dale*, we recognized that the trial court's "enhanced unanimity" instruction required the jury "to unanimously agree *as to which controlled substance, or both*, the defendants conspired to distribute in order to return a guilty verdict on the multiple-object conspiracy." Under those circumstances, the general guilty verdict told us only that the jurors *had* reached a unanimous agreement on this issue, but did *not* disclose the specific ground — *i.e.*, crack, marijuana, or both — upon which the jurors had agreed.

*Id.* (internal citation omitted). We noted that the defendant in *Neuhausser* never requested an enhanced unanimity instruction and, moreover, the jury had ample evidence by which they could find that the conspiracy involved both drugs. *Id.* at 469-70. Thus in *Neuhausser,* this court held that *Dale*'s rule only applies when the general verdict is ambiguous such that it is impossible to determine which of the multiple drugs the jury unanimously agreed was involved in the conspiracy. *Id.* at 470.

Tosh compares the jury instructions in *Dale* to those provided to his jury. He asserts that although his jury was not given an enhanced unanimity instruction it was required to agree unanimously that Tosh's intent while involved in the conspiracy was to distribute both marijuana and cocaine. Moreover, Tosh asserts that unlike *Neuhausser*, his verdict was ambiguous because there were not "repeated and consistent" instructions for a unanimous verdict as to both drugs in the conspiracy and there was not "ample evidence" that he trafficked in both controlled substances. Appellant's Br. at 15 (quoting *Neuhausser*, 241 F.3d at 469). Therefore, Tosh argues, it is possible that "the jury found that the agreement envisioned the sale of marijuana only." Appellant's Br. at 16.

Although certain provisions in Tosh's jury instructions are arguably ambiguous,[7] it is not impossible to determine which of the multiple drugs the jury unanimously agreed was involved in the conspiracy. *See Neuhausser*, 241 F.3d at 470. The jurors expressly were instructed that the charge was a single conspiracy involving cocaine *and* marijuana. The judge instructed the jurors to follow the language in the indictment which charged Tosh and others with "knowingly and intentionally and unlawfully distribut[ing] and possess[ing] with the intent to distribute marijuana, a Schedule I controlled substance, *and* cocaine, a Schedule II narcotic controlled substance." J.A. at 132 (Trial Tr.) (emphasis added). Moreover, the jury instructions referred to and incorporated the indictment as an appendix. Not only did the judge repeat the language contained in the indictment, but he also continually referred the jurors to the conspiracy "as charged in the indictment" or as "described in the indictment." J.A. at 135, 139 (Trial Tr.). Furthermore, at Tosh's request during a bench conference, the judge clarified his instructions to the jury, providing yet another opportunity for the jury to hear the precise charge, and stated "[a]nother further essential element of the conspiracy charge is that the United States must prove that the defendant participated in the conspiracy with intent to distribute *both* cocaine *and* marijuana." J.A. at 153 (Trial Tr.) (emphasis added). The jury was instructed that its verdict needed to be unanimous, but there was neither an enhanced unanimity instruction nor a request for one.

---

[7]For example, the district court instructed the jury in part as follows: What the evidence must establish beyond a reasonable doubt is that the alleged conspiracy was knowingly formed and that one or more of the means and methods described in the indictment are agreed upon to be used in an effort to effect or accomplish *some object or purpose of the conspiracy charged in the indictment.* J.A. at 135 (Trial Tr.) (emphasis added). In addition, when describing how an individual becomes a member of the conspiracy, the court instructed the jury that the defendant must have "the intent to advance or further *some object or purpose of the conspiracy*." J.A. at 136 (Trial Tr.) (emphasis added).

"A jury's verdict represents a finding that a crime was committed as alleged in the indictment." *United States v. Henson*, 848 F.2d 1374, 1385 (6th Cir. 1988), *cert. denied*, 488 U.S. 1055 (1989). As stated in *Neuhausser*, the court must assume that the jurors were diligent in following the precise instructions given to them. *Neuhausser*, 241 F.3d at 469. That said, Tosh's situation does not fall within the purview of *Dale*. Rather, similar to *Neuhausser*, Tosh's jury was instructed on multiple occasions that the single conspiracy charge included both substances, and Tosh neither requested nor received an enhanced unanimity instruction. According to *Neuhausser*, this lack of an enhanced unanimity instruction was the dispositive element distinguishing the *Neuhausser* facts from those in *Dale*. *Neuhausser*, 241 F.3d at 469-70. Likewise, Tosh's circumstances are equally distinguishable from *Dale*. Accordingly, the general guilty verdict was sufficient to support a determination that Tosh was guilty of conspiring to distribute both marijuana and cocaine, and the district court's use of the maximum-penalty range for conspiracies involving cocaine was proper.

### III. CONCLUSION

Because the district court did not abuse its discretion when it concluded that Tosh's sentence is not illegal, we **AFFIRM** the denial of his Rule 35(a) motion.

### CONCURRENCE

ALICE M. BATCHELDER, Circuit Judge, concurring in part and concurring in the judgment. I write separately to emphasize the very limited scope of our inquiry when addressing challenges brought pursuant to "old" Rule 35. As I understand the Supreme Court's admonition that "the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence," *Hill*, 368 U.S. at 430, we need do no more than compare the judgment imposed upon the defendant with the sentence he received. "Sentences subject to correction under [Rule 35] are those that the judgment of conviction did not authorize." *United States v. Morgan*, 346 U.S. 502, 506 (1954). In other words, Rule 35 is properly invoked when "the only issue was whether 'the sentence imposed was illegal on its face.'" *Hill*, 368 U.S. at 430 n.9 (quoting *Heflin v. United States*, 358 U.S. 415, 418 (1959)). In this case, Tosh was convicted by a jury of "conspiracy to unlawfully distribute and possess with the intent to distribute, marijuana, . . . and cocaine . . . ." J.A. at 113A (Judgment and Probation/Committment Order). As the majority explains, he received a sentence commensurate with his conviction. Our Rule 35 inquiry ends there.

While I agree with the majority's treatment of *Dale* and *Neuhausser*, this court has no authority under Rule 35 to examine the jury instructions or any other potential trial errors. Both *Dale* and *Neuhausser* came to us on direct appeal from trial, and so it was perfectly appropriate for us to examine trial error in those cases. However, our scope of review in Rule 35 cases is narrowly circumscribed by the text of the rule and Supreme Court interpretations thereof, and I write separately because I am concerned that the majority's treatment of Tosh's claim implicitly, even if not explicitly, creates a means for prisoners to whose convictions the pre-

1987 version of Rule 35 would apply to attack more than the facial validity of their sentences using "old" Rule 35.