**UNITED STATES of America Appellee,**

v.

**Luan LIKA, Skender Fici, Nazif Vrladu, Bari Drishti, Mehmet Bici, Anver Kalbas, Stella Millaj, Defendants,**

---

Xhevedet Lika, Defendant–Appellant

No. 02–1787.

United States Court of Appeals,
Second Circuit.

Argued: Aug. 26, 2003.

Decided: Sept. 3, 2003.

Benjamin Gruenstein, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Christine H. Chung, on the brief), for Appellee.

Cheryl J. Sturm, Chadds Ford, PA, for Defendant–Appellant.

Before: WINTER, CALABRESI, and KATZMANN, Circuit Judges.

PER CURIAM.

In January 1985, Defendant–Appellant Xhevedet Lika was convicted, following a trial in the United States District Court for the Southern District of New York, on one count of conspiracy to import heroin (21 U.S.C. § 963), one count of conspiracy to distribute heroin (21 U.S.C. § 846), one count of conspiracy to violate the RICO statute (18 U.S.C. § 1962(d)), five substantive counts of heroin distribution (21 U.S.C. § 841), and one count of operating a continuing criminal narcotics enterprise (21 U.S.C. § 848). The district court (Broderick, *J.*) sentenced Lika to life imprisonment on his continuing criminal enterprise (CCE) conviction. For the remaining relevant counts, the court imposed a concurrent aggregate term of 65 years' imprisonment.[1] Lika is currently serving his sentence.

In April 1997, Lika unsuccessfully petitioned the district court, pursuant to 28

---

1. The district court deferred sentencing on the conspiracy to import and conspiracy to

U.S.C. § 2255, to set aside his conviction and sentence. On December 11, 2001, Lika filed a new motion in district court, under former Fed.R.Crim.P. 35(a), to vacate his sentence as illegal.[2] Former Rule 35(a) provided: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence." The district court (Martin, *J.*), concluding that defendant's motion failed to allege an illegal sentence within the meaning of Rule 35(a), denied the motion by order dated December 9, 2002. We affirm.

On appeal, Lika argues that the district court should have granted the Rule 35(a) motion on any of three grounds. First, he asserts that the grand jury failed to return the Second Superseding Indictment (the relevant charging instrument for his convictions) in open court, thus violating Fed. R.Crim.P. 6(f). This violation, according to Lika, deprives the court of subject matter jurisdiction and renders the sentence illegal. Second, he contends that the indictment is defective because it does not identify at least three elements of the charged CCE—the series of felony predicates; the identities of those individuals Lika organized, managed, or supervised; and a link between the felony predicates and substantial income or resources gained from the enterprise—as required by *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) (setting forth the prerequisites for a CCE conviction). Third, he argues that the trial judge's jury instructions on the CCE count

were fatally inconsistent with *Richardson*. The indictment's omissions and the trial judge's charging error, Lika suggests, indicate that the sentence was imposed on the basis of "false assumptions" and was therefore illegal.

Lika's effort to shoehorn these claims, which amount to nothing more than challenges to his underlying conviction, into a Rule 35(a) motion does not avail. To resolve this case, we need not reach the merits of his substantive arguments, which are dubious at best, because they do not bear on the legality of his sentence.

█ As to his assertions that the indictment and the jury charges did not conform to *Richardson*, "[i]t is well established that a motion under Rule 35 can *only* be used to correct an illegal sentence, and not to correct trial errors or errors in other presentencing proceedings." *United States v. Schiff*, 876 F.2d 272, 274 (2d Cir.1989) (emphasis added). *See also Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (Rule 35(a) motions cannot serve as a means to "re-examine errors occurring at ... proceedings prior to imposition of sentence"); *United States v. Fischer*, 205 F.3d 967, 971–72 (7th Cir. 2000) (challenges under *Richardson* cannot be brought under former Rule 35(a) because they attack not the sentence but the conviction).

Equally unavailing is Lika's claim that his sentence must be vacated as illegal because the district court lacked subject matter jurisdiction over the case, due to alleged defects in the return of the indictment. *See* Fed.R.Crim.P. 6(f) ("The grand

---

distribute counts, because the governing precedents classified narcotics conspiracy crimes as lesser-included offenses of a continuing criminal enterprise. *See United States v. Young*, 745 F.2d 733, 748–50 (2d Cir.1984).

**2.** Since his offense occurred prior to November 1, 1987, the version of Rule 35 invoked by

Lika applies here. Sentencing Reform Act, Pub.L. No. 98–473, 98 Stat. 1987, 2015 (1984); Sentencing Reform Amendments Act of 1985, Pub.L. 99–217, 99 Stat. 1728 (postponing effective date of new rule from 1986 to 1987).

jury ... must return the indictment to a magistrate judge in open court."). We need not reach the question of whether a 6(f) violation deprives the court of jurisdiction, because Lika's jurisdictional argument, no less than his other contentions, represents an attack on the underlying conviction and is inappropriately raised in a Rule 35(a) motion. Rule 35 "presupposes a valid conviction." *United States v. Weichert,* 836 F.2d 769, 773 n. 5 (2d Cir. 1988) (citing 3 Wright, Federal Practice and Procedure: Criminal 2d § 582 (1982)). *See also Schiff,* 876 F.2d at 274 (citing *United States v. Mathews,* 833 F.2d 161 (9th Cir.1987), which holds that jurisdictional objections cannot be made in Rule 35 motions); *United States v. Malcolm,* 432 F.2d 809, 814 (2d Cir.1970) ("[S]ince the sentence is legal on its face, it is not subject to correction as an illegal sentence under Rule 35.").

 Sentences subject to correction as "illegal" under former Rule 35 are "those that the judgment of conviction did not authorize." *United States v. Morgan,* 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed.

248 (1954). By that measure, Lika's sentence plainly is not illegal. It is not "in excess of a statutory provision or otherwise contrary to the applicable statute," *United States v. Huss,* 520 F.2d 598, 602 (2d Cir.1975), and its terms are not "legally or constitutionally invalid in any other respect," *Hill,* 368 U.S. at 430, 82 S.Ct. 468.[3] Defendant offers no argument to the contrary.

To challenge jurisdiction, or other aspects of his conviction, Lika must raise his claims in a § 2255 or a § 2241 petition brought in the appropriate district court.[4] No appeal from such petitions is currently before us.

Former Rule 35(a) permits attacks on the validity of the sentence only; since Lika mounts no such attack, his claim must fail. We have considered all of appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.

---

3. Lika, in urging us to find that the district court imposed the sentence on the basis of "false assumptions," cites *United States v. Stein,* 544 F.2d 96, 101 (2d Cir.1976) (vacating a sentence based on "erroneous assumptions or information that was materially incorrect"). Defendant's reliance on *Stein* reflects his misunderstanding of the scope and purpose of former Rule 35(a). The "material false assumptions" at issue in that case related strictly to "facts relevant to sentencing": specifically, post-indictment and post-conviction behavior that led the judge to enhance the defendant's sentence. *Id.* at 102 (citations omitted). They did not relate to trial or pre-trial errors. Moreover, to the extent that Lika is asserting that his sentence was illegally imposed, rather than illegal on its face, his claim is time-barred under Rule 35. Motions to correct an illegally imposed sentence must be brought within 120 days of the latest of the triggering events. *See* former Fed.R.Crim.P. 35(b).

4. Under 28 U.S.C. § 2255, a federal prisoner may dispute his sentence "upon the ground ... that the court was without jurisdiction to impose such sentence." Lika concedes in his brief that he is barred from filing a § 2255 petition in this case, since it would be "successive" and would not meet the requirements imposed by the AEDPA on such petitions. *See* 28 U.S.C. § 2255 (barring "second and successive" petitions, subject to limited exceptions not applicable here). He argues, however, that a § 2241 remedy is still available. *See generally Triestman v. United States,* 124 F.3d 361, 376–78 (2d Cir.1997) (discussing the limited circumstances in which § 2241 relief may be available when a § 2255 petition is barred as successive). For purposes of this appeal, we need not consider Lika's § 2241 contentions, nor determine the district court to which such a petition should be brought.