**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andre KAUFMAN, also known as**
**Buddha, and Cornelius Stewart,**
**Defendants–Appellants.**

Nos. 02–5388, 02–5453.

United States Court of Appeals,
Sixth Circuit.

March 8, 2004.

Gregg L. Sullivan, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, Michael E. Winck, Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, for Plaintiff–Appellee.

Richard F. Pintal, Los Angeles, CA, Charles Leland Davis, Davis & Wallace, Barry L. Abbott, Cavett & Abbott, Chattanooga, TN, for Defendants–Appellants.

Before: CLAY and COOK, Circuit Judges, and STAFFORD, District Court Judge.*

COOK, Circuit Judge.

A jury found appellants. Andre Kaufman[1] and Cornelius Stewart,[2] guilty of multiple drug and gun offenses. Kaufman and Stewart appeal from their convictions. raising one issue in common and several issues individually. We affirm.

## I. BACKGROUND

Detective Gerald Dossett conducted surveillance of a duplex on Ocoee Street in Chattanooga. Tennessee, for several weeks leading up to the execution of a search warrant. During this time. Dossett observed both defendants inside the building. Another officer. Detective Phillip Narramore. conducted surveillance of Kaufman's Basswood Drive residence. The day before police executed search warrants at the residences. Narramore followed Kaufman from his Basswood Drive home to Knoxville and back to the Ocoee duplex the following day.

Police stopped Kaufman's vehicle shortly after he left the Ocoee duplex and the officers drove him to his Basswood residence to execute a search warrant. The police found two loaded weapons, two electronic scales, Pyrex dishes with white residue, baggies, more than one kilogram of cocaine powder and one-third kilogram of crack cocaine in the kitchen. In other rooms, police found four more guns, more than $22.000 in cash, and documents with Kaufman's aliases. After police found the cocaine. Kaufman admitted it belonged to him.

At the same time, other officers were searching the Ocoee duplex. Detective Dossett entered and found Stewart lying on the floor with a gun a few feet away. Police seized a semi-automatic pistol, cellular telephones, scales, marijuana residue, shotgun shells, and more than seventeen grams of crack cocaine. The "residence" had one mattress, few clothes, and no food. pots, or pans.

Police transported Stewart to the police station where Detective Dossett advised him of his *Miranda* rights and gave him a written form to read and sign. Stewart read the form but refused to sign it. Dossett gathered booking information and excused himself from the room to speak with another individual. When Dossett returned, he reminded Stewart of his *Miranda* rights and continued the interview. Stewart agreed to speak with Dossett. admitted both ownership of the gun and knowledge of drug dealing out of the Ocoee duplex, but denied he owned or sold crack. Detective Dossett observed Stewart to be nervous and sweaty during the interview.

* The Honorable William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

1. A jury found Kaufman guilty of Conspiracy to Possess with Intent to Distribute and Possession with Intent to Distribute more than 50 grams of cocaine base (21 U.S.C. §§ 846 and 841(b)(1)(A)); Possession with Intent to Distribute 500 grams or more of cocaine hydrochloride (21 U.S.C. § 841(a)(1) and (b)(1)(B)); Felon in Possession of a Firearm (18 U.S.C. § 922(g)); and Possession of a Firearm in Relation to a Drug Trafficking Offense (18 U.S.C. § 924(c)).

2. A jury found Stewart guilty of Conspiracy to Possess with Intent to Distribute more than 5 grams of cocaine base (21 U.S.C. §§ 846 and 841(b)(1)(A)); Possession with Intent to Distribute 5 grams or more of cocaine base (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)); Managing a Drug Establishment (21 U.S.C. § 856(a)(2)); and Possession of a Firearm in Relation to a Drug Trafficking Offense (18 U.S.C. § 924(c)).

## II. ANALYSIS

### A. Statement Against Interest Testimony

In their only common assignment of error. Kaufman and Stewart contend the district court erred in excluding Demarcus Greer's hearsay testimony that Tray Cantrell admitted the Ocoee Street drugs and money belonged to him. To find the district court abused its discretion in excluding this evidence, we must have a definite and firm conviction that the court committed a clear error of judgment. *United States v. Tosh*, 330 F.3d 836, 838 (6th Cir.2003).

Defendants insist the hearsay testimony ought to have passed muster under the Rule 804(b)(3) statement-against-interest exception because (1) Tray Cantrell was unavailable to testify; (2) the statement subjected Tray Cantrell to criminal liability in a real and tangible way; and (3) corroborating circumstances clearly indicated the trustworthiness of the statement. *United States v. Hilliard*, 11 F.3d 618, 619 (6th Cir.1993).

█ Lack of corroborating circumstances justified the district court's questioning the trustworthiness of the proffered hearsay statement. Greer testified on cross-examination that Cantrell lied and bragged to him in the past and. on this occasion, Greer believed Cantrell to be bragging about owning the drugs. Greer's own criminal history–involving crimes of deception–added to the district court's misgivings regarding the reliability of this testimony from him. Moreover, the district court found Cantrell's purported bragging to a friend about money and drugs did not subject Cantrell to criminal liability in a real and tangible way. Without any reliable corroborating evidence to support the trustworthiness of the statement, and the making of the statement having no real criminal consequences to the declarant, the district court committed no obvious judgment error in refusing to admit the testimony as a statement-against-interest hearsay exception.

### B. Lesser-included Offense Instruction

Kaufman argues the district court erred by failing to instruct the jury on simple possession of drugs as a lesser included offense of the drug conspiracy or possession with intent to distribute offenses. But because Kaufman did not object to the district court's jury instructions, that failure "precludes appellate review, except as permitted under Rule 52(b)." FED. R.CRIM. PROC. 30(d). We therefore review the jury instruction for plain error.

Kaufman claims the district court should have instructed on simple possession in addition to the conspiracy and possession with intent to distribute instructions. In *United States v. Colon*, 268 F.3d 367, 377 (6th Cir.2001), this court held "the elements of simple possession are not identical to the elements of distribution of cocaine or of conspiracy to possess with intent to distribute or to distribute cocaine. We find that the district court did not err in refusing to give a lesser-included offense instruction on simple possession." After *Colon*, the district court correctly declined to instruct on simple possession and we thus find no error and obviously then, no plain error.

### C. Motion to Suppress

█ Stewart points us to claimed district error in denying suppression of what he asserts to be his police-coerced confession. The facts surrounding the confession validate the denial of suppression. Dossett testified at the suppression hearing that: (1) he advised Stewart of his *Miranda* rights orally and in writing: and (2) Stewart did not request counsel, never

declined to speak or sought to terminate the interview, continued to make inculpatory statements after being reminded of his *Miranda* rights, appeared both unimpaired by any substances and cognizant of the purpose of the interview. Though Stewart argues his refusal to sign a written waiver of his *Miranda* rights requires suppression, the Supreme Court in *North Carolina v. Butler*, 441 U.S. 369, 374–75, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979) held the Constitution did not require an explicit waiver of *Miranda* rights. *See also, United States v. Miggins*, 302 F.3d 384, 397 (6th Cir.2002) (a written waiver not required to prove that a defendant voluntarily waived his rights). Butler refused to sign a waiver form but freely spoke to police after being advised of his *Miranda* rights, as did Stewart. Stewart voluntarily and intelligently waived his *Miranda* rights and the "absence of a written waiver was not legally fatal to this determination." *United States v. McCoy*, 72 Fed.Appx. 410, 414 (6th Cir.2003); *Miggins*, 302 F.3d at 397.

### D.   Sufficiency of Evidence

On the subject of insufficiency Stewart's brief says only: "The district court erred in denying Defendant's motion for judgment of acquittal because the evidence was insufficient to support the conviction of the Defendant on each of the counts against him contained in the superseding indictment." We necessarily view this claim as warranting no analysis. This court repeatedly holds that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566–67 (6th Cir.1999) (defendant waived sufficiency of the evidence claim by failing to present legal argument against the conviction). Because Stewart offers no developed argument, we deem his claim is waived.

### E.   Lay Opinion Testimony

Stewart last claims the district court erred by permitting Dossett to testify that Stewart appeared nervous during his interview. We review the district court's evidentiary decision for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

Dossett testified about his police station interview of Stewart:

Q:   Now, sir. what was Mr. Stewart's condition at the time that he was making these statements to you?

A:   He was very nervous.

[Defense counsel]: Objection, your Honor, speculation.

The Court: Did he appear nervous to you?

The Witness: He appeared nervous to me.

The Court: Overruled.

The Witness: [Stewart] was sweating profusely. And he appeared very much shaken to me.

The United States then introduced a photograph of Stewart taken at the time of the interview followed by this exchange:

Q:   There appears to be—Mr. Stewart appears to be wearing a shirt here, light blue shirt that is a different color at the neck area, the neck line?

A:   Yes.

Q:   Do you know what the cause of that different color is?

A:   Sweat.

Q:   And Mr. Stewart was sweating like that in your presence?

A:   Yes.

A witness who is not testifying as an expert may offer opinions limited to those "(a) rationally based on the perception of

the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED.R.EVID. 701. The Advisory Committee Notes for the 2000 Amendments identify evidence about the appearance of a person as a typical example of Rule 701 evidence. This is just one of "an endless number of things that cannot be described factually in words apart from inferences." FED.R.EVID. 701. Advisory Committee Notes for the 2000 Amendments (citation omitted); *see, e.g., United States v. Mastberg*, 503 F.2d 465, 470 (9th Cir.1974) ("a lay witness may state his opinion that a person appeared nervous").

Dossett's testimony falls within the ambit of evidence permitted by Rule 701. It reflects his perception of Stewart during the interview, supported by his rational observations–Stewart appeared nervous, sweated profusely, and appeared shaken– and by a photograph showing Stewart's sweat-stained shirt. Dossett's testimony helped the jury understand Stewart's demeanor as he explained his role in the criminal offense. Dossett's testimony was admissible lay opinion and the district court correctly permitted it.

### III. CONCLUSION

We affirm the judgment of the district court as to both defendants.