2006 VT 30

## State of Vermont v. Elsie Oscarson

[898 A.2d 123]

No. 04-545

Present: **Reiber, C.J., Dooley, Johnson and Skoglund, JJ., and Allen, C.J. (Ret.), Specially Assigned**

Opinion Filed April 14, 2006

*William H. Sorrell,* Attorney General, and *John Treadwell,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Allison N. Fulcher* of *Martin & Associates,* Barre, for Defendant-Appellant.

¶ 1. **Dooley, J.** Defendant Elsie Oscarson appeals from a district court order denying her motion for sentence reconsideration pursuant to Vermont Rule of Criminal Procedure 35(a). Defendant argues that her sentence is illegal because she was sentenced for aggravated sexual assault when the elements found by the jury support a conviction only for sexual assault, a crime with a lesser potential punishment. We hold that defendant's sentence is not illegal under Rule 35(a) because it is consistent with the conviction of aggravated sexual assault. We affirm.

¶ 2. This case arises because Vermont has two separate sexual assault crimes, each involving minor victims, with overlapping elements. The crime of sexual assault on a minor has a maximum penalty of 35 years of imprisonment. 13 V.S.A. § 3252(b). The crime of aggravated sexual assault on a minor has a maximum penalty of life imprisonment. 13 V.S.A. § 3253(b). The significant difference in the elements of the crimes for purposes of this case is the requisite age of the victim. The crime of sexual assault on a minor requires that the victim be under the age of sixteen. 13 V.S.A. § 3252(b). The crime of aggravated sexual assault on a minor requires that the victim be under the age of ten. 13 V.S.A. § 3253(a)(8).

¶ 3. In this case, it is undisputed that both victims were under the age of ten at the time of the offense. Nevertheless, the State chose initially to charge defendant with only sexual assault pursuant to § 3252. During the course of the case, however, the State moved to

amend the charges to aggravated sexual assault on each victim in violation of § 3253. At the hearing on the motion, both the prosecutor and defense counsel stated erroneously that this amendment did not change the elements of the offense.

¶ 4. At trial, the jury instructions on the elements of aggravated sexual assault stated that the jury needed to find that the victims were under the age of sixteen, not ten as required by § 3253(a)(8). Defendant did not object to the jury instructions. The jury found defendant guilty of aggravated sexual assault with respect to both minor victims, and the district court imposed two consecutive sentences of imprisonment of 35 years to life, but suspended the sentence on one count. Defendant appealed both convictions, but she did not raise the accuracy of the jury instructions or the validity of the sentences. This Court affirmed the conviction for one count of aggravated sexual assault, but reversed the conviction for the count of aggravated sexual assault for which defendant's sentence had been suspended. *State v. Oscarson*, 2004 VT 4, 176 Vt. 176, 845 A.2d 337.

¶ 5. On remand, defendant filed two motions, one asking the district court to resentence defendant on the remaining conviction and the other asking the court to reconsider the prior sentence. The resentencing motion alleged that the sentence imposed on the reversed conviction had impermissibly influenced the sentence imposed on the affirmed conviction. Before the motions were heard, defendant filed a second resentencing motion, arguing that her sentence violated the United States Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. 296 (2004), because the jury had not found that the victim was under the age of ten, an element required for the greater aggravated sexual assault penalty.

¶ 6. The district court combined the sentence reconsideration motion and the first resentencing motion to determine whether the reversal of one of the convictions affected the sentence on the other affirmed conviction. It determined that the reversal had no effect, denied the motions, and left the sentence on the affirmed conviction at imprisonment for 35 years to life. The second resentencing motion, which is now labeled a motion for sentence reconsideration to correct an illegal sentence pursuant to Rule 35(a), was denied by the district court because defendant failed to raise the alleged sentence illegality in the first appeal. Defendant has appealed only this last decision, arguing that the district court should have granted the Rule 35(a) motion.

■ ¶ 7. Normally, we review the denial of a motion for sentence reconsideration for abuse of discretion, examining whether the district court withheld discretion or exercised it on grounds clearly untenable or unreasonable. *State v. White*, 172 Vt. 493, 501-02, 782 A.2d 1187, 1193 (2001). Here, however, the question is whether defendant's sentence is illegal. This is a question of law, which we review de novo. *State v. Beauregard*, 2003 VT 3, ¶ 4, 175 Vt. 472, 820 A.2d 183 (mem.).

¶ 8. Defendant argues that her sentence is illegal because the jury failed to find a necessary element of the offense of aggravated sexual assault pursuant to 13 V.S.A. § 3253(a)(8), namely, that the victim was under the age of ten. She claims that because the jury did not find this element, she cannot be sentenced for aggravated sexual assault, and thus her sentence exceeds the 35-year maximum term allowed for a conviction of sexual assault on a minor under § 3252(b). She then argues that because she was denied jury consideration of an element necessary to support her sentence, her sentence violates the rule set forth in *Blakely* in which the Supreme Court held that due process requires any facts supporting an enhanced sentence to be admitted by the defendant or found by the jury. 542 U.S. at 303; see also *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding due process requires any fact that increases a criminal penalty beyond the statutory maximum to be submitted to a jury and proved beyond a reasonable doubt).

¶ 9. We do not reach the merits of defendant's argument. For the reasons stated herein, we find that defendant's argument is actually a challenge to her underlying conviction, as opposed to an attack on the sentence or the sentencing procedure. Defendant was convicted of aggravated sexual assault, and her sentence was within the maximum for that conviction. Because defendant is actually challenging her conviction, she may not obtain the relief she requests as a result of sentence reconsideration to correct an illegal sentence pursuant to Rule 35(a).[1]

---

[1] Defendant disputes this characterization because, in support of the motions to amend the informations, the prosecutor said the amendment "doesn't amend the elements [of the charge], it simply conforms the penalty to what the statutes are," and added that "[t]he elements . . . remained unchanged" and the amendment is "[n]ot a change in the charge." As the State admitted at oral argument, these statements were incorrect. Nonetheless, the prosecutor's statements do not change the fact that, after the

¶ 10. According to Rule 35(a), a court "may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." An illegal sentence is one that is not authorized by law. See, e.g., *State v. Bruley*, 129 Vt. 124, 130, 274 A.2d 467, 471 (1970) (finding sentence illegal where it had the same maximum and minimum terms in violation of 13 V.S.A. § 7031); see also Reporter's Notes, V.R.Cr.P. 35(a) ("An illegal sentence is one that is not authorized by statute."). Defendant's sentence in this case is not illegal. The record shows that defendant was convicted of aggravated sexual assault pursuant to 13 V.S.A. § 3253(a)(8) and sentenced to imprisonment for 35 years to life. The sentence imposed is within the statutory maximum of "life imprisonment or a fine of not more than $50,000.00, or both" for a person convicted of aggravated sexual assault.

¶ 11. Sentence reconsideration is a limited remedy. See *State v. Platt*, 158 Vt. 423, 426, 610 A.2d 139, 142 (1992) ("[O]nly certain issues may be raised in a sentence reconsideration proceeding."). Rule 35(a) is identical to former Federal Rule of Criminal Procedure 35(a).[2] See Reporter's Notes, V.R.Cr.P. 35 ("This rule is derived from Federal Rule 35 . . . ."). Although this Court is not bound by interpretations of similar or identical federal rules in the federal courts, we frequently consult and follow them where we find them persuasive. See Reporter's Notes, V.R.Cr.P. 1 (noting that such decisions "are an authoritative source for the interpretation of identical or closely similar provisions of the Vermont rules").

¶ 12. In construing Federal Rule 35(a), the United States Supreme Court has held that "the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States*, 368 U.S. 424, 430 (1962). The petitioner in *Hill* could not raise through sentence reconsideration a

---

amendment, defendant was charged with aggravated sexual assault pursuant to 13 V.S.A. § 3253(a)(8).

[2] Federal Rule 35(a) was amended in 1984, Pub. L. No. 98-473, 98 Stat. 2015 (1984), and again in 2002, 207 F.R.D. 89, 274 (2002), and now reads: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." F.R.Cr.P. 35(a). The former Federal Rule 35(a) still applies to sentences for offenses committed before November 1, 1987. Advisory Committee's Notes, F.R.Cr.P. 35. All of the federal cases cited in this opinion involve sentences for offenses committed prior to this date.

claim that he was denied his right to make a statement on his own behalf prior to sentencing. *Id.*

¶ 13. The federal appellate courts have interpreted *Hill* to prohibit the use of Federal Rule 35(a) to attack an underlying conviction. In *United States v. Lika,* the Second Circuit Court of Appeals refused to allow a defendant to challenge his conviction through a Rule 35(a) motion. 344 F.3d 150, 153 (2d Cir. 2003). The defendant in that case argued that the indictment was defective and the trial court's jury instructions were erroneous. *Id.* at 152. The court responded that "Lika's effort to shoehorn these claims, which amount to nothing more than challenges to his underlying conviction, into a Rule 35(a) motion does not avail." *Id.*; see also *United States v. Jeffers,* 388 F.3d 289, 292 (7th Cir. 2004) ("[A]lthough denominated as a challenge to his sentence, [the Rule 35(a) motion] was actually an attack upon the underlying ... conviction. As such, it was beyond the power of the court to address under Rule 35(a)."); *United States v. Rourke,* 984 F.2d 1063, 1067 (10th Cir. 1992) (concluding that the defendant could not challenge his guilty plea through sentence reconsideration because Rule 35(a) only allows for sentence correction, not attacks on the validity of the underlying conviction); *United States v. Lauga,* 762 F.2d 1288, 1291 (5th Cir. 1985) (explaining that for a Rule 35 motion, "the validity of the conviction is presumed").

¶ 14. In a case analogous to the current case, the Sixth Circuit Court of Appeals affirmed the denial of a motion for sentence reconsideration under Federal Rule 35(a) where the defendant claimed that his sentence violated *Apprendi*. *United States v. Tosh,* 330 F.3d 836 (6th Cir. 2003). In *Tosh,* the defendant was charged with conspiracy to distribute cocaine and marijuana, and the jury found him guilty under a general verdict. The defendant was sentenced to ten years of imprisonment based on the cocaine offense, even though the maximum penalty for the marijuana offense was only five years of imprisonment. The defendant argued that the trial court was not authorized to sentence him to the greater penalty absent a specific jury finding that he was guilty of conspiracy to distribute cocaine. His argument was based in part on *Apprendi*'s requirement that any fact increasing the penalty beyond the statutory maximum must be found by the jury. *Id.* at 839. The court held that the defendant's sentence was not illegal because it was commensurate with his conviction, *id.* at 842, and the concurring opinion emphasized that ambiguity surrounding the general verdict was not reviewable under Rule 35. *Id.* (Batchelder, J., concurring).

¶ 15. Defendant's theory of sentence illegality relies upon the illegality of her conviction. If defendant's sentence is illegal, it is because she was convicted of an offense not presented to the jury in the instructions. We agree with the federal precedents that it is beyond the limited role of sentence reconsideration to allow this challenge under Rule 35(a). We hold that defendant's sentence is not illegal because it is consistent with her conviction of aggravated sexual assault and therefore lawfully imposed.

*Affirmed.*