**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0586n.06

No. 10-1066

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES GAJDA, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| HUGH WOLFENBARGER, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

FILED

*Jun 06, 2012*

LEONARD GREEN, Clerk

BEFORE:  KEITH, BOGGS, and MOORE, Circuit Judges.

PER CURIAM.  James Gajda, a Michigan prisoner represented by counsel, appeals the district court's judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254.

A jury found Gajda guilty of second-degree murder and possessing a firearm during the commission of a felony.  His convictions arose from the shooting death of David Porter.  Gajda admitted that he shot Porter and dragged him away from the roadway where the shooting took place, but he asserted that the shooting was accidental and that his subsequent actions were the result of panic and fear.  The trial court sentenced Gajda to life in prison.  The Michigan Court of Appeals affirmed the trial court's judgment, *People v. Gajda*, No. 233168, 2002 WL 31105294 (Mich. Ct. App. Sept. 20, 2002), and the Michigan Supreme Court denied leave to appeal.  *People v. Gajda*, 661 N.W.2d 239 (Mich. 2003) (table).  The trial court denied Gajda's subsequent motion for relief from

judgment. The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal under Michigan Court Rule 6.508(D).

Gajda filed a § 2254 petition, raising numerous claims. The district court denied the petition on the merits and granted a certificate of appealability for only three claims: (1) the prosecutor committed misconduct during closing and rebuttal arguments by arguing that Gajda was guilty of second-degree murder based on a theory of liability that had no legal or factual support; (2) trial counsel rendered ineffective assistance by failing to object to the prosecutor's misconduct; and (3) appellate counsel rendered ineffective assistance by failing to raise the misconduct issue on appeal. The respondent argues that Gajda procedurally defaulted his prosecutorial misconduct claim by failing to raise it on direct appeal. Because the cause-and-prejudice inquiry for that issue merges with the substance of Gajda's ineffective-assistance claims, we will consider the merits of the prosecutorial misconduct claim.

We review de novo a district court's denial of a § 2254 petition. *Tolliver v. Sheets*, 594 F.3d 900, 915 (6th Cir.), *cert. denied*, 131 S. Ct. 605 (2010).

> [A] federal court shall not grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim either:
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* at 915-16 (quoting 28 U.S.C. § 2254(d)).

Gajda first argues that the prosecutor committed misconduct by arguing to the jury that, even if it found the shooting to be accidental, it could find Gajda guilty of second-degree murder based on his dragging the injured victim away from the roadway in an attempt to hide the victim and ensure his death. The correct inquiry for evaluating a claim of prosecutorial misconduct is "whether the improper comments or actions so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Hawkins v. Coyle*, 547 F.3d 540, 552 (6th Cir. 2008) (internal quotation marks omitted). We first determine whether the prosecution's conduct was improper and, if it was, we consider the following four factors to determine whether the conduct was flagrant enough to warrant reversal: "(1) whether the evidence against the defendant was strong; (2) whether the conduct of the prosecution tended to mislead the jury or prejudice the defendant; (3) whether the conduct or remarks were isolated or extensive; and (4) whether the remarks were made deliberately or accidentally." *Id.* at 553 (citation omitted).

The district court held that, even if the prosecutor's statements were improper, the judge's instructions to the jury "cured" any inaccuracies regarding the requisite intent to convict for second-degree murder. We agree. The prosecutor's remarks were primarily aimed at demonstrating how the act of dragging Porter's body could provide circumstantial evidence that Gajda did not accidentally shoot Porter. Michigan law allows a prosecutor to use such evidence to prove intent. *People v. Abraham*, 599 N.W.2d 736, 745 (Mich. Ct. App. 1999). The trial court then properly instructed the jury on the required *mens rea* for second-degree murder. The prosecutor's remarks were brief and isolated, they do not appear to have been the product of a deliberate attempt to mislead the jury, and the court's subsequent instruction vitiated any resulting prejudice, since we presume that jurors follow the instructions they receive. *United States v. Tosh*, 330 F.3d 836, 842

(6th Cir. 2003). Finally, the evidence against Gajda—who admitted to shooting Porter and dragging his body into a ditch—was overwhelming. The state court's rejection of Gajda's claim of prosecutorial misconduct was neither contrary to, nor an unreasonable application of, federal law. We do not reach the issue of procedural default or the ineffective-assistance-of-trial-counsel or appellate-counsel claims, because we agree that Gajda's underlying claim of prosecutorial misconduct lacks merit.

Accordingly, we affirm the district court's judgment. Gajda's motion for oral argument is denied.