NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0653n.06

No. 08-5009

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Sep 06, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee )
)   ON APPEAL FROM THE
)   UNITED STATES DISTRICT
    v. )   COURT FOR THE WESTERN
)   DISTRICT OF TENNESSEE
RONALD JONES, )
)
    Defendant-Appellant. )
)

BEFORE: GIBBONS, ROGERS, COOK, Circuit Judges.

ROGERS, Circuit Judge. Defendant Ronald Jones appeals the district court's imposition of a mandatory life sentence for possession with intent to distribute 108 grams of a mixture or substance containing a detectable amount of methamphetamine. Jones argues that the jury made no findings of fact as to the quantity of controlled substances involved, and that thus the district court erred in concluding that he was required to serve a life sentence pursuant to 21 U.S.C. § 841(b)(1)(A). He also contends that the district court erred in making findings as to the existence of prior convictions necessary for the imposition of a mandatory life sentence under § 841(b)(1)(A). The Government concedes its error on Jones' first argument. However, Jones' second argument is clearly precluded by Supreme Court precedent. We accordingly vacate Jones' sentence and remand for resentencing.

In 2003, Memphis police officers began investigating a methamphetamine distribution ring, and their interviews with persons involved in the enterprise led them to Jones. [PSR at 3-4.] Officers eventually discovered quantities of methamphetamine, along with digital scales, at a hotel where Jones was renting a room. Jones admitted to officers that the drugs belonged to him. [PSR at 4-5.] The drugs weighed in at 108 grams. [PSR at 5.] A grand jury first charged Jones with various violations of the Controlled Substances Act on December 16, 2004. [DE 1.] On June 21, 2005, a superseding indictment was filed, charging Jones with (1) conspiracy to possess with the intent to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and (2) possession with intent to distribute approximately 108 grams of a mixture and substance containing a detectable amount of methamphetamine, both in violation of 21 U.S.C. § 841(a)(1). [DE 42.] The Government filed an information pursuant to 21 U.S.C. § 851(a) on July 6, 2007, noting its intent to seek a life sentence, should Jones be convicted, because of his two prior convictions for violations of the Controlled Substances Act. [DE 136.] On July 13, 2007, a federal jury found Jones guilty of the second count, but a mistrial was declared as to the first.[1] [DE 146; DE 148.]

In regard to the quantity of methamphetamine involved, the only evidence presented at trial was the testimony of the Government's drug chemistry expert. This expert testified that she had calculated the weight of the methamphetamine mixture as 99 grams. [DE 181 at 100.] She also explained that she had conducted a purity analysis of a sample of the methamphetamine mixture

---

[1]The court later granted the Government's motion to dismiss the first count.

from which she concluded that 73 percent of the mixture was methamphetamine; thus, she opined that the amount of "pure meth" recovered was approximately 72 grams. [DE 181 at 100.] Despite the testimony in regard to quantity and the indictment's notation of quantity as to both counts, when instructing the jury as to the second count, the district court stated as follows: "In the indictment, particular amounts or quantities of methamphetamine are alleged. The evidence in the case need not establish the amount or quantity of methamphetamine alleged in the indictment, but only that a measurable amount of methamphetamine was in fact the subject of the acts charged in the indictment." [DE 179 at 18.] Accordingly, the jury was asked solely to answer whether Jones was guilty or not guilty as to each count and was not required to make a finding as to the particular quantity of methamphetamine involved.

The court held a sentencing hearing on December 11, 2007. In conjunction with sentencing, the Government presented testimony to prove Jones' two prior convictions for purposes of the mandatory life sentence in § 841(b)(1)(A), and the district court noted that it would decide the existence of these convictions. [*See* DE 183 at 27.] The district court did just that, reviewing the evidence submitted by the Government as to the existence of these convictions and finding that "the government ha[d] met its burden of proof beyond a reasonable doubt on those issues of fact" and that "these are valid convictions" for purposes of § 841. [DE 184 at 25.] The district court then went on to sentence Jones to life in prison pursuant to § 841(b)(1)(A). Jones now appeals this sentence.

The district court plainly erred in applying 21 U.S.C. § 841(b)(1)(A) without a jury finding as to the amount of methamphetamine involved in Jones' offense. Both parties concede that plain

error review applies in this case. Further, the Government concedes that the district court erred in this respect. Because Jones did not raise an objection to the lack of a finding as to the quantity of drugs at issue before the district court, we review for plain error. *United States v. Page*, 232 F.3d 536, 543 (6th Cir. 2000). This requires that (1) there be an error, (2) that is plain or clear, (3) that affects Jones' substantial rights, and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Martinez*, 253 F.3d 251, 255 (6th Cir. 2001).

It is plain that the district court erred in Jones' sentencing as *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), clearly holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Section 841(b)(1)(A) provides for a mandatory life sentence if a person with two prior felony drug convictions commits a violation of § 841(a) involving "50 grams or more of methamphetamine . . . or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." However, the maximum sentence for a person with a similar criminal history who commits a violation of § 841(a) involving an indeterminate amount of methamphetamine, a schedule II controlled substance, is thirty years. 21 U.S.C. § 841(b)(1)(C). Thus, the amount of methamphetamine involved works to increase the penalty for a § 841(a) violation, requiring a determination beyond a reasonable doubt by a jury of this fact.

This court has recognized *Apprendi*'s application in sentencing under § 841(b)(1). *See, e.g.*, *United States v. Wettstain*, 618 F.3d 577, 592 (6th Cir. 2010); *United States v. Graham*, 275 F.3d

490, 521-24 (6th Cir. 2001); *Page*, 232 F.3d at 542-45. For example, in *Graham*, the presentence report noted that the defendant was responsible for one-hundred marijuana plants, which increased his maximum punishment from five years' imprisonment to forty years' imprisonment. 275 F.3d at 521-23. However, the jury did not make any findings as to the amount of marijuana involved. *Id.* at 523. We held that *Apprendi* had been violated, vacated the defendant's sentence, and remanded for resentencing. *Id.* at 524. It is clear that the district court violated *Apprendi* by sentencing Jones to life in prison in the absence of a jury finding as to the quantity of methamphetamine involved.

Having established that the district court clearly violated the principles laid out in *Apprendi*, we must next address the remaining requirements for a finding of plain error—whether the error affected Jones' substantial rights and whether the error affected the fairness, integrity, or public reputation of judicial proceedings. Both are met in Jones' case. In *Page*, we analyzed these requirements for plain error in terms of an *Apprendi* violation:

> An error affects substantial rights when the error was prejudicial, that is, when it "affected the outcome of the district court proceedings." There is no doubt that imposing additional years of imprisonment beyond that authorized by a jury's verdict affects a defendant's substantial rights. Furthermore, a sentencing error seriously affects the fairness, integrity, or public reputation of judicial proceedings when a court's error results in imposition of a sentence which is not authorized by law.

232 F.3d at 544 (citations omitted). Here, Jones received a term of imprisonment beyond that authorized by the jury's verdict. At most, the jury's verdict permitted him to be sentenced to thirty years, but the court imposed a life sentence. This was clear error.

The district court did not err, however, in finding that Jones had been previously convicted of felony drug charges. *Apprendi* explicitly excepts this type of fact finding from its requirement of

a jury determination. 530 U.S. at 490; *see also United States v. Matthews*, 278 F.3d 560, 563 (6th Cir. 2002). Thus, "a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction." *United States v. Martin*, 526 F.3d 926, 941 (6th Cir. 2008). This precedent is binding.

For these reasons, we vacate Jones' sentence and remand for resentencing.