RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0092p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

MARTEDIS MCPHEARSON,

          *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,

          *Respondent-Appellee.*

No. 09-6509

———————————

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
Nos. 04-10038-001; 09-01118—James D. Todd, District Judge.

Argued: March 6, 2012

Decided and Filed: April 5, 2012

Before: KEITH, BOGGS, and MOORE, Circuit Judges.

———————————

## COUNSEL

———————————

**ARGUED:** Russell Burke, VANDERBILT LAW SCHOOL, Nashville, Tennessee, for Appellant. James Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee. **ON BRIEF:** Alistair E. Newbern, VANDERBILT LAW SCHOOL, Nashville, Tennessee, for Appellant. James Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

———————————

## OPINION

———————————

    KAREN NELSON MOORE, Circuit Judge. Martedis McPhearson ("McPhearson") appeals the denial of his motion to correct his sentence under 28 U.S.C. § 2255. In March 2007, a jury convicted McPhearson of knowingly possessing with the intent to distribute approximately 4.9 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Upon the conclusion of direct review, McPhearson

1

sought relief under § 2255, arguing that trial counsel was ineffective for failing to raise at sentencing the contention that a portion of the 4.9 grams of cocaine base was for McPhearson's personal use and therefore should be excluded from the drug-quantity calculation used by the district court in setting McPhearson's sentence. The district court held that McPhearson could not establish either deficient performance or prejudice from trial counsel's failure to make this argument because the court believed that the jury's conviction amounted to a rejection of McPhearson's testimony that the 4.9 grams of cocaine base found on his person was attributable to personal use. We hold that because the jury's verdict did not establish that all 4.9 grams were intended for distribution, the district court erred in finding that counsel's failure to raise personal use at sentencing was not deficient performance. We are unable to determine whether McPhearson suffered any prejudice, however, because the record is incomplete. We therefore **VACATE** the district court's order denying McPhearson relief and **REMAND** for further proceedings consistent with this opinion.

## I. BACKGROUND

McPhearson was arrested on December 12, 2003, after he allegedly made three separate sales of cocaine base to a confidential informant in the amounts of .3 grams, .4 grams, and .3 grams.[1] At the time of his arrest, officers searched McPhearson and found a plastic bag in his pocket containing 4.9 grams of cocaine base. McPhearson was indicted along with a co-defendant, and on November 15, 2004, a grand jury returned a superseding indictment charging McPhearson with four separate counts of possession with intent to distribute cocaine base, one for each of the purported sales in the amounts of .3 grams, .4 grams, and .3 grams, respectively, and one count for the 4.9 grams found on his person when he was arrested.[2]

---

[1]The record indicates that McPhearson was arrested pursuant to a warrant not for the drug transactions but for an unrelated assault charge.

[2]The superseding indictment originally contained seven counts, but these four counts were the only counts that proceeded to trial. McPhearson's trial was severed from his co-defendant's trial.

A jury trial was held in the United States District Court for the Western District of Tennessee on March 26 and 27, 2007. The confidential informant testified that McPhearson sold him the three smaller amounts of cocaine base on three separate occasions. McPhearson testified in his own defense. McPhearson denied ever selling the confidential informant cocaine base, but admitted that he possessed 4.9 grams of cocaine base at the time of his arrest, which he claimed he purchased from a friend for personal use. McPhearson explained that he had been in a severe car accident in late 2002, a year before his arrest, which required a lengthy hospital stay and caused numerous injuries that left him in extreme pain.[3] He testified that he began using painkillers and other drugs, including cocaine, to help mitigate the pain from the accident. His mother also testified that McPhearson's injuries from the accident were severe and left him in great pain. Counsel for McPhearson attempted to introduce evidence of McPhearson's medical records and photographs from the accident, but the district court excluded them as irrelevant, stating that "if this becomes an issue, then they'll be part of the record at sentencing." R. 181, Criminal Docket (Trial Tr. at 121:7-8). The district court also permitted the government to confront McPhearson on cross-examination with previously suppressed evidence to challenge his statements that the drugs were for personal use. The relevant suppressed evidence consisted of 21.9 grams of marijuana, scales, and small plastic bags that were found as the result of an illegal search of his residence. *Id.* at 103:12-104:12. McPhearson denied knowledge of the scales or the bags, stating they did not belong to him. *Id.* at 105:21-108:13. He testified that the marijuana belonged to his cousin, who lived with him and with whom he had smoked marijuana in the past. *Id.* at 105:1-20.

The district court instructed the jury that to convict McPhearson of violating 21 U.S.C. § 841(a)(1) for any of the four counts, the government had to prove beyond a reasonable doubt: "[(1)] that the defendant possessed cocaine base, or crack cocaine; [(2)] that the defendant knew that he possessed cocaine base, as alleged; And [(3)], that

---

[3]According to McPhearson's testimony, he went through the windshield of a car into the street, breaking his legs, his arms, his collar bone, and his pelvic bone, collapsing his lungs, and causing extensive internal bleeding and damage to other organs. R. 181, Criminal Docket (Trial Tr. at 97:15-21).

the defendant intended to distribute the cocaine base, as alleged." R. 197, Criminal Docket (Trial Tr. at 45:5-10). The district judge further explained these elements as follows:

> The first thing you must determine is whether the defendant possessed cocaine base. That is, the government must prove that the material that the defendant is charged with possessing with intent to distribute is, in fact, cocaine base, also known as crack cocaine. . . . If you find that the material involved in this case is cocaine base, you need not be concerned with the quantity. So long as you find that the defendant knowingly possessed cocaine base, the amount involved is not important.
>
> If you find that the defendant knowingly possessed this controlled substance, then you must decide whether the defendant intended to distribute them. The government must prove beyond a reasonable doubt that the defendant had control over the drugs with the state of mind or purpose to transfer them to another person. . . .
>
> Basically, what you're determining is whether the drugs in the defendant's possession were for his personal use or for the purpose of distribution. Often it's possible to make this determination from the quantity of drugs found in the defendant's possession. For example, it would be highly unlikely that a person with large amounts of controlled substances possessed them all for personal consumption. The possession of a large quantity of drugs does not necessarily mean that the defendant intended to distribute them. On the other hand, a defendant may have intended to distribute drugs even if he did not possess large amounts of them.

*Id.* at 45:17-47:13. On Count Four, the court instructed the jury on the lesser included offense:

> Now, on count 4, if you find the defendant not guilty of possession of cocaine base with intent to distribute, or if, after making every reasonable effort to reach a unanimous verdict on that charge, you find that you cannot agree, then you must go on to consider whether the government has proved the lesser charge of simple possession of cocaine base. The difference between those two crimes is that to convict the defendant of the lesser charge, the government does not have to prove that the defendant intended to distribute the cocaine base. This is an element of the greater charge but not the lesser charge.

*Id.* at 47:20-48:5.  The district court did not ask the jury to make any specific finding of fact regarding the amount of drugs intended for distribution or, alternatively, for personal use.

The jury convicted McPhearson on Count 4 of the indictment, relating to the 4.9 grams of cocaine base found on his person at the time of his arrest.  The jury was unable to reach a verdict on the three counts relating to the alleged sales to the confidential informant in the amounts of .3 grams, .4 grams, and .3 grams, respectively.  The district court subsequently granted the government's motion to dismiss those counts.

At sentencing, the district court calculated the relevant drug quantity as 5.9 grams of cocaine base.  R. 182, Criminal Docket (Sentencing Hr'g Tr. at 176:11-24).  This included the 4.9 grams from the Count 4 conviction and the district court's approximation that the other three dismissed counts should be included and amounted to roughly one gram of cocaine base.  McPhearson's counsel argued that the marijuana should be excluded because it was only for personal use, but counsel did not make a similar argument for any of the cocaine base, arguing instead that no evidence supported the inclusion of the three drug-sale amounts.  The district court excluded the marijuana quantity, finding its impact negligible on the relevant sentencing guidelines range, but found that a preponderance of the evidence supported the confidential informant's testimony that McPhearson made the sales involved in the counts that the jury could not agree on.  The district court determined that McPhearson's sentencing guidelines range was 140 to 175 months and sentenced McPhearson to 140 months' imprisonment.  Counsel for McPhearson did not introduce at sentencing any of the medical records or photographs from his accident, nor did counsel make any arguments or objections with respect to excluding amounts of cocaine base for personal use.

McPhearson raised three issues on direct appeal:  (1) the trial court abused its discretion in excluding medical records from trial; (2) the district court made impermissible findings of fact at sentencing; and (3) the then-pending amendments relating to cocaine-base offenses should be applied to his case.  While his case was pending, the Sentencing Commission made retroactive the first set of reductions to the

guidelines based on cocaine-base offenses. The Sixth Circuit remanded his case for consideration of his motion for resentencing under 28 U.S.C. § 3582 and rejected his remaining arguments. *United States v. McPhearson*, 303 F. App'x 310, 322 (6th Cir. 2008) (unpublished opinion). The district court granted his motion and reduced McPhearson's sentence to 120 months of imprisonment, the low end of his amended guideline range. R. 194, Criminal Docket (Order).

In May 2009, McPhearson pro se filed a motion pursuant to 28 U.S.C. § 2255 arguing that his counsel was ineffective for failing to argue that the district court should exclude any amounts of cocaine base attributable to personal use in sentencing him.[4] The district court denied his petition without requiring the government to file a response and denied a certificate of appealability. We granted McPhearson a certificate of appealability and appointed him counsel on appeal.[5]

## II. CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

We review a district court's denial of a motion to correct a sentence under 28 U.S.C. § 2255 de novo, but we will accept the district court's factual findings unless they are clearly erroneous. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). To succeed on a § 2255 motion, a prisoner in custody must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (internal quotation marks omitted), *cert. denied*, 540 U.S. 1133 (2004). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *Short*, 471 F.3d at 691.

---

[4]McPhearson also argued that the district court abused its discretion in failing to make a fact finding on the issue of personal use at sentencing. This issue is not before us on appeal, however, because McPhearson has conceded that this is not a cognizable claim in a post-conviction proceeding. Appellant Br. at 2-3.

[5]While this appeal was pending, the Sentencing Commission made retroactive additional reductions to offense levels involving crack cocaine in light of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. McPhearson filed a second motion to reduce his sentence pursuant to these reductions, which the government did not oppose. The district court granted McPhearson's motion on March 9, 2012, and reduced McPhearson's sentence to seventy months.

To establish ineffective assistance of counsel, a petitioner bears the burden of showing: "(1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant." *Mallett*, 334 F.3d at 497 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The district court held that McPhearson failed to establish adequately either deficient performance or prejudice from his counsel's failure to make a personal-use argument at sentencing because the jury had rejected McPhearson's testimony that the drugs found on his person were for personal use. R. 3 (D. Ct. Order at 8-9). We review each of the *Strickland* prongs in turn.

## A.  Deficient Performance

Trial counsel's performance is deficient if his "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This standard is highly deferential, and we apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. McPhearson argues that his counsel was deficient because counsel failed to raise the argument at sentencing that some of the 4.9 grams of cocaine base found on his person should be excluded as related to personal use. On the record that we have available, we agree.

"A defendant facing the possibility of incarceration has a Sixth Amendment right to counsel at all 'critical stages' of the criminal process, and a sentencing hearing is one type of 'critical stage' at which the right to counsel attaches." *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008) (internal quotation marks and alterations omitted). Counsel's failure to object to an error at sentencing or failure to raise a viable argument that would reduce his client's sentence may constitute deficient performance. *See United States v. Thomas*, 38 F. App'x 198, 203 (6th Cir.) (citing *United States v. Soto*, 132 F.3d 56, 58-59 (D.C. Cir. 1997)) (noting failure to move for a viable sentencing decrease may constitute deficient performance), *cert. denied*, 537 U.S. 866 (2002); *Garcia v. United States*, No. 99-1134, 2000 WL 145358, at *1 (6th Cir. Feb. 2, 2000) (same). We give substantial deference to counsel's decisions not to raise an argument, even a meritorious argument, if the decision "'might be considered sound trial strategy.'" *Hodge v. Hurley*, 426 F.3d 368, 385 (6th Cir. 2005) (quoting *Strickland*, 466 U.S. at 689). Therefore, as

in other circumstances, an omission by counsel at sentencing will not be deficient unless his failure to raise the argument was objectively unreasonable.

McPhearson has maintained since his arrest that the cocaine base found on his person was for personal use. Evidence was presented at trial, including his own admission on the stand, that he was a frequent drug user, assertedly due to extraordinary pain caused by multiple severe injuries. The law on the issue of personal use is clear and is undisputed by the parties: Any drugs "possessed for personal consumption should not be included when calculating the amount of drugs to enter into the drug quantity table in U.S.S.G. § 2D1.1(c)." *United States v. Gill*, 348 F.3d 147, 153 (6th Cir. 2003). *Gill* has been the clear law of this circuit and numerous others for many years, and a personal-use argument has the potential to reduce substantially a defendant's sentence. *See, e.g.*, *id.* at 156 (excluding purported amount for personal use yielded two-level difference in offense level); *United States v. Kipp*, 10 F.3d 1463, 1465 (9th Cir. 1993) (four-level difference); *see also Glover v. United States*, 531 U.S. 198, 203-04 (2001) (holding any increase in actual jail time due to sentencing error is prejudicial and remanding to determine if error was due to counsel's deficient performance).

In *Jansen v. United States*, 369 F.3d 237, 243-44 (3d Cir. 2004),[6] the Third Circuit held that where the defendant had consistently maintained that he used cocaine base, his counsel's failure to raise a personal-use argument at sentencing constituted ineffective assistance of counsel. Even though the Third Circuit itself had not yet held that personal-use amounts could be excluded, the court reasoned that "[c]ompetent counsel would have advanced at sentencing the contention that the drugs defendant claimed were for personal use should not enter into the computation of the base offense level." *Id.* at 243. Despite the presumption of reasonableness, the court could identify no discernible trial strategy to justify counsel's failure to raise the issue. *Id.* at 244.

---

[6]Then-Circuit Judge Alito concurred in *Jansen*, writing separately to urge the Sentencing Commission to resolve the apparent circuit split on the issue. *Jansen*, 369 F.3d at 250 (Alito, J., concurring).

We agree with our sister circuit's reasoned analysis. On this record, we see no discernible trial strategy that would explain counsel's failure to raise the personal-use issue at sentencing. *See Soto*, 132 F.3d at 59 (holding failure of counsel to raise a potentially helpful sentencing provision was deficient performance); *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991) (holding counsel ineffective because "no rational basis to believe that . . . counsel's failure to argue [sentencing] adjustment was a strategic choice"). The government argues on appeal that reasonable counsel for McPhearson would not have raised a personal use argument at sentencing—despite his client's insistence early and often that the drugs were for personal use—because a personal-use argument here would have conflicted with his client's prior testimony and would have conflicted with a purported jury finding that none of the drugs at issue were for personal use. We are not persuaded by either of these arguments.

The government contends that defense counsel was not deficient for failing to argue personal use at sentencing because doing so would have required his client to testify, subjecting McPhearson to a charge of perjury and a possible enhancement for obstruction of justice. The defendant bears the initial burden of production when raising the issue of personal use at sentencing, and the defendant may meet that burden through personal testimony. *Gill*, 348 F.3d at 156.[7] However, the government bears the ultimate burden of persuasion, and the defendant's testimony is not the only means by which personal use may be established. *See id.* At trial, McPhearson testified at length regarding his use of cocaine base to alleviate extreme pain sustained from multiple major injuries he suffered in a car accident a year earlier. Additional evidence could have been presented to verify the extent of his injuries as counsel had first tried to do at trial; individuals other than McPhearson could have testified to observing McPhearson's personal use of cocaine base; or experts could have been called to discuss the use of cocaine base, marijuana, and other substances among those injured as a potential pain reliever. Given the numerous ways the defendant could have satisfied his burden of

---

[7]The government concedes in its brief that McPhearson's trial testimony satisfied his burden of production on this issue. Appellee Br. at 18. The only evidence the government points to in support of its burden of persuasion is that the jury's guilty verdict was a determination that McPhearson's testimony was not credible. *Id.*

production and the absence of any evidence from the government to rebut the defendant's claim that he was a drug user, we are not persuaded that the obstacles to offering further testimony from McPhearson himself constitute an objectively reasonable explanation for why counsel would decline even to raise the personal-use argument for the cocaine base at all at sentencing.

We also see no support on this record for any presumption that McPhearson's counsel's decision not to present the personal-use argument was tactical. Certainly, counsel's decision to skip an argument that would contradict his client's prior testimony may at times be strategic. Here, however, we know nothing about why defense counsel declined to make the argument, and the government's suggestion of a "contradiction" is hardly plausible. McPhearson consistently claimed that he used cocaine base, and the argument at sentencing would have been virtually the same as at trial. Counsel's apparent refusal to present any personal-use argument at sentencing arguably creates a greater impression of conflict with his client's prior testimony than if he had raised the argument on the basis that at least *some* of the cocaine base was attributable to personal use. Although he could no longer reasonably argue that *all* of the cocaine base was for personal use, even if we were to consider that a conflict, there is no prohibition on his counsel taking a potentially contrary position and offering alternative evidence in support. *See Mathews v. United States*, 485 U.S. 58, 65 (1988) ("We do not think that allowing inconsistency necessarily sanctions perjury.").[8]

We turn then to the government's argument relating to the impact of the jury's verdict. The government argues that because Count 4 contained a specific drug quantity, a conviction for Count 4 necessarily required a finding by the jury that McPhearson intended to distribute all 4.9 grams. We disagree. The government was not required to establish any specific quantity, or any intent to distribute a specific quantity, in order to

---

[8]The government also suggests that perhaps McPhearson confessed to his counsel that none of the cocaine base was for personal use. Appellee Br. at 19. We decline to make such an assumption based solely on counsel's failure to raise an argument, particularly when the defendant has already testified to the contrary. Regardless, should the district court hold an evidentiary hearing on remand, the government would be entitled to offer testimony from McPhearson's trial counsel regarding whether his decision was tactical.

establish guilt of possession with intent to distribute. *United States v. Villarce*, 323 F.3d 435, 439 (6th Cir. 2003) (internal quotation marks omitted) ("[T]he government need not prove mens rea as to the type and quantity of the drugs in order to establish a violation of § 841."); *see also Kipp*, 10 F.3d at 1465 (rejecting argument that because defendant pleaded guilty to "possession with intent to distribute 117.25 grams of cocaine" he could not argue some of that quantity was related to personal use at sentencing).

Nonetheless, the government contends that by including an amount in the indictment on Count 4, the jury's verdict constitutes a finding that all of the facts as alleged were true beyond a reasonable doubt. Count 4 charged McPhearson with "knowingly possess[ing] with intent to distribute approximately 4.9 grams of cocaine base." R. 54, Criminal Docket (Superseding Indictment). Listing a quantity in the indictment arguably ensures that a conviction includes a specific finding of fact from the jury, as required under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), because "[a] jury's verdict represents a finding that a crime was committed as alleged in the indictment." *United States v. Tosh*, 330 F.3d 836, 842 (6th Cir. 2003).[9] However, we do not look at the indictment and the conviction in a vacuum; we also must consider what the jury was instructed to decide when considering what findings of fact were determined beyond a reasonable doubt in rendering a conviction. *United States v. Neuhausser*, 241 F.3d 460, 471 (6th Cir. 2001) (considering indictment and instructions when determining facts found by jury in a general verdict).

We assume that jurors are "diligent in following the precise instructions given to them." *Tosh*, 330 F.3d at 842. Therefore, when the indictment specifies a quantity, but the jurors are instructed to ignore questions related to quantity, a conviction on that count does not contain a finding of fact by the jury as to the amount in the indictment for sentencing purposes. *See United States v. Jones*, 437 F. App'x 445, 446 (6th Cir. 2011)

---

[9]This argument is less persuasive when, as here, the amount charged in the indictment is an approximation. In such cases we have been less quick to label a verdict a conclusive finding of fact on quantity. *See United States v. Flowal*, 234 F.3d 932, 934 (6th Cir. 2001) (holding jury made no finding on quantity when defendant charged and convicted of possession with intent to distribute "approximately [5.2] kilograms of cocaine"), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377, 382-83 (6th Cir. 2002).

(unpublished opinion) (holding jury made no finding on quantity "[d]espite the testimony in regard to quantity and the indictment's notation of quantity as to both counts," when the jury instructions specifically stated that the government did not need to show amount); *see also United States v. Gunter*, 551 F.3d 472, 484-85 (6th Cir.) (conviction constituted finding of fact by jury when jury was specifically instructed to determine amount of drugs involved), *cert. denied*, 130 S. Ct. 194 (2009).

Here, despite the specification of an amount in the indictment, the judge's instructions to the jury made abundantly clear that the jury was not expected to make any findings of fact as to quantity in this case to convict. The judge never instructed the jury that they could acquit under Count 4 if they found *some* of the drugs were for personal use, only if they found *all* of the drugs were for personal use. R. 197, Criminal Docket (Trial Tr. at 47:2-13). The jury was never asked to determine whether any specific amount was intended for distribution. Instead, the jury was instructed to determine that the defendant possessed cocaine base, that he knew he possessed cocaine base, and that he intended to distribute cocaine base. The judge explicitly instructed the jury: "If you find that the material involved in this case is cocaine base, you need not be concerned with the quantity. So long as you find that the defendant knowingly possessed cocaine base, the amount involved is not important." *Id.* at 46:2-6. Under these circumstances, we hold that the jury made no finding of fact with respect to quantity and the district judge was not bound by any factual finding with respect to quantity at sentencing.[10] *See United States v. Williams*, 247 F.3d 353, 359 (2d Cir. 2001) (holding district court erred in relying on jury verdict as dispositive of drug amount at sentencing when defendant was charged and convicted of possession with intent to distribute more than 50 grams of cocaine base because judge explicitly instructed jury that the government need not prove any specific amount). Any failure to raise the issue at sentencing based on an erroneous belief that the jury verdict foreclosed the argument therefore also would be

---

[10]We also reject the argument that our prior opinion in this case conclusively held that the jury made a factual finding with respect to amount—an issue not before the court at the time—solely because we stated that "the jury simply chose not to believe that the crack cocaine McPhearson admittedly possessed in December 2003 was intended to alleviate his pain." *United States v. McPhearson*, 303 F. App'x 310, 318 (6th Cir. 2008) (unpublished opinion).

objectively unreasonable, if that was in fact the reason counsel declined to raise the issue.

On the record before us, we see no reasonable tactical explanation for counsel's failure to raise a potentially viable personal-use argument in this case. The government, however, never had the opportunity to file a response to McPhearson's § 2255 motion. On remand, the government should be permitted to respond to McPhearson's motion and raise any additional bases not already discussed for establishing that counsel's performance was not deficient under the Sixth Amendment.

## B. Prejudice

Even when trial counsel's performance is deficient under prevailing standards, we grant relief only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Couch v. Booker*, 632 F.3d 241, 247 (6th Cir. 2011). An error by counsel at sentencing that amounts to any extra jail time is prejudicial under the Sixth Amendment. *Glover*, 531 U.S. at 202-04 ("[A]ny amount of actual jail time has Sixth Amendment significance."). "When the district court sentences a defendant to the low end of the guideline range, . . . the appellate court can reasonably infer that the defendant might have received a lower sentence if the guideline range itself had been lower." *Gill*, 348 F.3d at 155.

Here, McPhearson was sentenced to 140 months of imprisonment based on a range of 140 to 175 months. R. 182, Criminal Docket (Sentencing Hr'g Tr. at 156:23-158:1; 185:21-23). Had the district court found that even a gram of the cocaine base was for personal use, McPhearson's then-applicable base offense level would have dropped two levels, lowering his applicable guideline range to 120-150 months. *See* U.S.S.G. 2D1.1(c)(7) (2006). If two grams were for personal use, the range drops even further to 100-125 months. Therefore, if McPhearson had a plausible personal-use argument, he was clearly prejudiced by his counsel's failure to raise it. *Jansen*, 369 F.3d at 249 ("If any significant portion of the drugs found in defendant's pants was for personal use he was prejudiced by the failure of his counsel to object to the inclusion of such drugs in

the computation of his base offense level."). The district court's ruling that counsel's performance caused McPhearson no prejudice was based on the same reasoning behind its holding that counsel's performance was not deficient—the jury's verdict. R. 3 (D. Ct. Order at 8-9). Because we do not believe that the jury's verdict was a finding of fact that none of the 4.9 grams were for personal use, we remand for further consideration of whether there is a reasonable probability that McPhearson's sentence would have been different had counsel made the personal-use argument for the cocaine base at sentencing.

Although the record suggests some evidence that could have been raised in support of the personal-use argument, the record is not sufficiently developed for us to determine wether McPhearson would have met his burden of production or whether the government would have met its burden of persuasion. To the extent that an evidentiary hearing is necessary for either party to present evidence on this issue, the district court, in its discretion, should hold one. Given that McPhearson's time served is rapidly approaching his recently revised sentence of seventy months, we trust that the district court will handle this matter expeditiously.

## III. CONCLUSION

For the aforementioned reasons, we **VACATE** the district court's judgment denying McPhearson's motion to set aside his sentence and **REMAND** to the district court for further proceedings consistent with this opinion.